MANNING plaintiff in error v. CORDELL defendant in error.

Counsel, assigned by the court to slaves for their defence in criminal prosecutions, have no claim upon the masters of such slaves for compensation for professional services, unless there be an understanding to that effect between such counsel and masters.

McGirk Judge dissenting.

*Error from the St. Louis Circuit Court.*

*Manning in propria persona.*

1st. That so far from any assent or understanding between the plaintiff and defendant being necessary to have been shown, neither the assent should have been exhibited, nor the understanding had, if the law be obeyed. 3. Story's comm. on const. 665–27 sect. of the 3rd art. of const.

F2

SEPT. TERM
1840.

Manning
v
Cordell

of Mo. 9th sect. bill of rights Mo. 6 art. amdt. of constitution 105.

2. That the defendants refusal to employ counsel to defend his slave, is to be considered as an act of obedience to the constitution of this State, as every man is presumed to know the laws of the Government under which he lives and to be anxious to obey them 27 sect. art. 3. const. Mo.

3. That the assignment of counsel by the court in the prosecution of a slave for crime, and on his behalf, was not, and never should be the consequence of a refusal on the part of the master to defend his slave, but is the duty of the court acting in obedience to the constitution of this State. Sect. 27, art, 3, const. Mo.

4th. That this exercise of obedience on the part of the court neither could nor should have any influence upon the assent or promise of the owner of the slave, or understanding between the counsel assigned and the owner of the slave, as he (the owner) is deprived of any interference in the case by the constitution, so jealous is it of the impartiality of the trial; but an implied promise is raised on part of the owner, by the act of selection by the court, sect. 27 art. 3d, const. Mo.

5th. That the provision of the constitution protecting the slave in prosecutions for crime, was intended to act in no other wise, than to carry out completely, its principles of justice, humanity, and impartiality, and in no manner changes the relative legal responsibilities of client and counsel. Sect. 27, art. 3d. const. Mo.

6th. That our government is one based upon an equality of rights, taxes, and impositions; and that the constitution never could have intended that one citizen should work or labor for another, without just compensation from him. 7th. Sect. bill of rights Mo.

7th, That the constitution never intended that the government might rightfully claim the services of one citizen, for the benefit only of another, but bases its claim for services, only when the benefit inures to the whole or a larger part of its people, or at least to the public. Bill of rights mo 7, sect.

8th. That any other construction of the constitution, would work injustice and therefore be repugnant to the genius of our institutions. It would work injustice, because it would compel one citizen (without a forfeiture of any of his rights by conviction of crime) to labor for another, however rich and powerful, without reward from him, and without the right on the part of Government to compensate him.

9th. That if it be true that the constitution compels one citizen to defend the slave, the property of another, without compensation, the legislature may enact a law, compelling him to labor *in curia* in defence of other property; thus leaving to the legislative branch of the government, the exercise of a power subversive of all the inestimable rights of a free people, because, though the life of the slave belongs to God and is protected by the Government, yet the services of the slave and the value of his life are property and belong to the owner of the slave; and any injury done to the slave which may lessen either his services or the duration of his life, is damage done to the owner thereof; now the conviction of a slave for crime. may lessen his property, surely then, if one citizen be bound to protect this property, of the owner in a slave without reward, he may with equal justice be called upon to labor in defence of other property of the owner, without any reward or just compensation, a principle of injustice unsanctioned by the constitutions of a free people.

*Geyer, for defendant.*

The defendant now insists, as he did in the circuit court, that he is not liable to pay the plaintiff any thing.

Constitution, art. 3, sec. 27, rev. C. 1835 p. 485.

Opinion of the Court by Napton Judge.

A slave, the property of Cordell, was indicted in the circuit court of St. Louis, for a felony, and the court assigned the plaintiff in error as counsel for the slave.

The plaintiff in error brought suit against the master, for professional services in defending his slave. On the trial, the court instructed the jury, that if they believed that the plaintiff acted as counsel for the slave, upon an understanding

Manning
v.
Cordell.

Counsel, assigned by the court to slaves for their defence in criminal prosecutions, have no claim upon the masters of such slaves for compensation for professional services, unless there be an understanding to that effect between such counsel and masters.

McGirk Judge dissenting.

with the defendant, that he should be paid for his services, they should find for plaintiff; but if they should be of opinion, that the plaintiff acted as counsel assigned by the court to defend the slave in question, they shall find for the defendant, notwithstanding they may be of opinion that in obeying the order of the court, or yielding to the wish of the court, the plaintiff was influenced by the expectation that the defendant as owner of the slave would pay him.

The professional services were proved, but it was also proved that Cordell, the owner, declined employing counsel, whereupon the court appointed Mr. Manning, who was an attorney and counsellor at law. Verdict and judgment for defendant.

I am of opinion that the court did not err in its instruction. If the constitutional provision be imperative on the counsel, as well as the court, and was intended to deprive the master of his right of selection, it would only raise an implied assumpsit against the State. The counsel acts in such case as an officer of the court, and for the furtherance of justice, and not upon any contract with the master, nor can any be implied. Judgment affirmed.

McGirk, Judge. I do not concur in the foregoing opinion.