## REEVES *vs.* THE STATE.

1. The caption of an indictment is that entry of record showing when and where the court is held, who presided as judge, the *venire*, and who were summoned and sworn as grand jurors; and this caption is a part of every indictment, and need not be repeated in any part of it.
2. An indictment was entitled in the margin, "The State of Alabama, *Butler* County," and in the body of the indictment it was recited that "the grand jurors," &c., " of the county of *Buter* upon their oaths present," &c. The name of the county was not again repeated, nor was any other county named. The offence was charged to have been committed "*in the county aforesaid.*" It *was held,*

   That the indictment was not defective. The courts are bound to know the names of all the counties in the State; and there being no such county as *Buter*, the words "in the county aforesaid," must refer to the county stated in the margin of the indictment.

ERROR to the Circuit Court of Butler.

Tried before the Hon. Robert Dougherty.

WATTS, JUDGE & JACKSON, for the plaintiff in error.

1. The indictment was defective, in not showing that the offence was committed in a county over which the court had jurisdiction. The court was bound judicially to know that there was no such county as *Buter* in the State of Alabama. See Chitty's Crim. Law, marginal page 194, and note stating N. C. decisions.

2. If two counties be mentioned, one in the margin, and then a fact is described as having occurred in another, *e. g.,* Butler, in the margin, and the fact is stated to have occurred in "*Buter,*" and afterwards the offence is stated to have been committed at a place "in the county aforesaid," without showing which county is intended; this will refer to the last antecedent county, viz., "*Buter,*" and the indictment will be insufficient. See Chitty's Crim. Pl. marginal p. 194.

M. A. BALDWIN, Attorney General, for the State.

1. The only question in this case is this; is the venue sufficiently laid in Butler county?

To determine this question, it is necessary to inquire whether the words in the body of the indictment, "*in the county aforesaid,*" refer to "*Buter county,*" in the caption, or to Butler county, in the margin.

2. Though it is necessary to aver the *venue* in the body of the indictment, yet if it be laid in the margin, the venue in the body of the indictment may be properly laid by the words, "*in the county aforesaid.*" 1 Chitty Cr. Law, 194; Barnes v. State, 5 Yer. 186; The State v. Nixon, 18 Verm. 75; The State v. Gilbert, 13 Ib. 647; Morgan v. State, June Term, 1851.

3. The caption of an indictment is the style of the court at which the indictment is found, and one caption answers for all indictments of the term, and concludes with the words "*it is presented that.*" 1 Chitty Cr. Law, 327; 1 East P. C. 113.

4. The caption forms no part of the indictment. 1 Chitty Cr. Law, 326; 9 Porter, 487; Kirk v. The State, 6 Miss. 471; Duncan v. State, 1 Scam. 457; People v. Jewett, 3 Wend. 322.

5. If the caption is rejected as surplusage, there is no county mentioned in the indictment but Butler in the margin, and the words "*county aforesaid,*" in the body, will have reference to it.

6. The caption in the court below shows that this indictment was found by a grand jury, legally sworn and charged for Butler county, and the unnecessary statement in the caption of the indictment, that the grand jury were empannelled for another county, cannot vitiate the finding of the grand jury. State v. Murphy, 9 Por. 487.

7. The indictment recites, the grand jurors were of "the State of Alabama." The court is bound judicially to know that there is no such county in the State of Alabama as *Buter* county. There is no county in the State mentioned but Butler county in the indictment, and the words "in the county aforesaid," refer to that county. People v. Breese, 7 Cowen, 429; The State v. Hardin, 1 Brevard, 47.

8. The court will intend that Buter and Butler indicate the same county. The State v. Steadman, 7 Por. 496.

DARGAN, C. J.—The plaintiff in error was indicted in the Circuit Court of Butler, for an assault and battery committed upon one Alexander McCarty. When required to plead, he demurred to the indictment, but his demurrer was overruled, and upon the trial he was convicted. The cause

is brought here by writ of error, and the sole question is the sufficiency of the indictment. The language of the indictment is as follows: "The State of Alabama, Butler county, Circuit Court, Fall Term, Eighteen hundred and fifty. The grand jurors of the State of Alabama, elected, empannelled, sworn and charged to inquire for the body of the county of *Buter*, upon their oath present, that James Andrew Reeves, late of said county, on the first day of August, in the year of our Lord one thousand eight hundred and fifty, with force and arms, in the county aforesaid, in and upon one Alexander McCarty, in the peace of God and said State then and there being, did make an assault," &c.

It is insisted, that the indictment is defective, because it does not show in what county the offence was committed; that the words in the body of the indictment, "in the county aforesaid," must refer to the last antecedent, or the last county named in the indictment, and therefore refer to *Buter* county, and not to Butler county, stated in the margin; and as there is no such county in the State as Buter, the words, "in the county aforesaid," do not specify or designate any county. But we think, for the very reason that there is no such county as that of Buter, it therefore necessarily follows that these words must refer to the county of Butler, stated in the margin. The pleader says, "*in the county aforesaid.*" What county in the State was before named? None other than Butler; therefore none other could have beeen referred to. We are bound to know all the counties in the State; and if but one is named in an indictment, and it is afterwards referred to by the words, *in the county aforesaid*, there is not the least uncertainty in determining to what county the pleader referred. The case of the State v. Hardin, 1 Brevard, R. 47, we consider directly in point, if it were necessary to refer to any authority to sustain the proposition.

It has, however, been argued, that if the county of Lowndes, or Montgomery, had been used, in the stead of the county of Buter, then the words, "*in the county aforesaid*," must have referred to the last county named in the indictment; and so it would have appeared that the offence was committed without the jurisdiction of the Circuit Court of Butler. I admit that if any county in the State besides Butler had been

named in the indictment, and in a part of the indictment subsequent to the margin, then the words "in the county *aforesaid*," might not have shown, with sufficient certainty, in what county the offence was committed; but as there was no other county than Butler named in the indictment, none other could have been referred to.

Nor is it necessary that the name of the county should be repeated, in that part of the indictment where the pleader has inserted by mistake Buter for Butler. But in framing an indictment, after stating the name of the county in the margin, is sufficient to say, "the grand jurors *on their oath present*," &c., leaving out that portion which we usually find inserted, " of the State of Alabama, empannelled, sworn, and charged to inquire for the body of —— county." The caption of an indictment is that entry of record showing when and where the court is held, who presided as judge, the *venire*, and who were summoned and sworn as grand jurors; and this caption is applicable to, or is a part of every indictment, and need not be again repeated in any part of the indictment. The State v. Murphy, 9 Porter, 487; The State v. Morgan, decided at the last term; and although an attempt to insert a part of the caption, if erroneously done, may in some cases vitiate, it can never be of benefit. But after stating in the margin the name of the State and the county, the pleader may at once proceed: " the grand jurors on their oath present," &c., and a reference to the caption will show when, where, and under what authority the presentment was made.

Let the judgment of conviction be affirmed.