# Overton *v.* The State.

*Indictment for Burglary.*

1. *Judicial notice of counties.*—This court takes judicial notice of the names of all the counties in the State, and knows there is no county named *Wadison.*

2. *Caption of indictment.*—The caption of an indictment is that entry of record showing when and where the court was held, who presided as judge, the *venire,* and who were summoned and sworn as grand jurors; and this general caption, which is a part of every indictment, though not required to be

[Overton v. The State.]

included in the copy served on the prisoner in a capital case, may be referred to, to supply a defect in the name of the county, in the special caption or heading at the commencement of any particular indictment.

3. *Judicial notice of grand jury and indictments.*—The grand jury is a component part of the court by which it is organized, and its presentments, regularly returned and filed, become a part of the proceedings of the court itself ; of which, consequently, the court will take judicial notice at the term at which they are so returned and filed.

4. *When appeal lies.*—A criminal case can not be brought to this court by appeal, on bill of exceptions, while a motion for a new trial is pending, the judgment being suspended until the decision of the motion.

FROM the Circuit Court of Madison.

Tried before the Hon. LOUIS WYETH.

The indictment in this case was found at the Fall term, 1877; was signed by the solicitor, returned to the court, regularly indorsed as required by the statute, and marked by the clerk, "Filed in open court this 24th November, 1877." In the preparation of the indictment the solicitor had used a blank form partly printed, the names of the State and county being printed in "*German Title,*" or "*Eureka Text,*" as it was called by the printer, who was examined as a witness on the trial; and by mistake of the printer, as he testified, the name of the county was printed *Wadison,* instead of *Madison,* the two initial letters closely resembling each other in that kind of type. The defendant attempted to take advantage of this mistake, by a motion to quash the indictment, by demurrer, and by plea in abatement. The grounds of the motion were thus stated : "1. Because said indictment fails to show in what county in Alabama the same was found. 2. Because it fails to show that it was found by a grand jury of Madison county. 3. Because it does not contain, in the caption or body thereof, the name of the county in which the same was found. 4. Because the caption shows that said indictment was found by a grand jury of a county not in Alabama. 5. Because the court has no jurisdiction of an indictment found by the grand jury of *Wadison* county." The grounds of demurrer were specified in the same words, and they were also used in the plea in abatement. The court overruled the demurrer and the motion to quash, and sustained a demurrer to the plea in abatement; to which several rulings exceptions were reserved by the defendant. The defendant then pleaded not guilty, and a trial was had on issue joined on that plea, which resulted in a verdict of guilty. The defendant afterwards moved for a new trial, on the same grounds as before specified ; which motion was continued by the court until the next term, and it was ordered "that judgment be suspended until the decision of said motion."

VOL. LX.

[Overton v. The State.]

NICH. DAVIS, for the defendant.—The statute imperatively requires that the name of the county shall be stated in every indictment, either in the caption, or in the body thereof.— Code of 1876, § 4784. The court judicially knows the names of all the counties in the State, and must know there is no county named *Wadison.—Reeves v. The State,* 20 Ala. 33. If the name of Jackson had been used in the indictment, whether purposely or by mistake, it can not be doubted that the defect would be fatal; and the same rule must be applied to the statement of any other name.

JOHN W. A. SANFORD, Attorney-General, for the State.

MANNING, J.—Objection was made in this cause to the statement of the county, in the margin, or at the head of the indictment. The names therein of the State and county are printed in German characters; and the German letters *M* and *W* are so much alike, that one may be easily mistaken for the other. It therefore happens, that what was intended to be, and looks to an American like the name *Madison,* is in fact "*Wadison;*" which proves that it would be better, in getting up all such documents, that the characters of our own language only should be employed.

If there were a county named *Wadison* in this State, we might, perhaps, be bound to consider it the county intended in the present indictment. But we judicially know that there is not. Is the indictment, therefore, void?

"The caption of an indictment is that entry of record, showing when and *where* the court is held, who presided as judge, the *venire,* and who were summoned and sworn as grand jurors; and this caption is applicable to, or is a part of every indictment, and need not be again repeated in any part of the indictment."—*Reeves v. The State,* 20 Ala. 33; *Morgan v. The State,* 19 Ala. 558; *State v. Murphy,* 9 Porter, 487; *Perkins v. The State,* 50 Ala. 154. At least, this part of the record, though not such a portion of the indictment as that it must be included in the copy thereof which is required by law to be served on a prisoner about to be tried, is so connected with, and so appertains to it, that it may properly be referred to as showing in what court, at what term, by what grand jury, and in what county, the presentment was made. But, even this reference is not necessary, when the trial takes place in the court, and at the term, when and where the indictment was found. For, the grand jury is, *quoad hoc,* a part of the court, and its constitution, presentments, and findings are entered and preserved in the records of the court, as portions of its own proceedings, of which it conse-

quently has a knowledge of its own. It is only when a cause is transferred to another court, that a transcript of those preliminary proceedings, constituting the caption of the indictment, need to be made and certified.—*Kirk v. The State*, 6 Mo. 471; *People v. Jewett*, 3 Wend. 322; *Duncan v. The State*, 1 Scam. 457.

The grand jury that found this indictment having therefore been a part of the Circuit Court of Madison county, sworn into office before it, and its foreman appointed by the judge thereof, and having come into it in a body and presented this indictment, indorsed and signed by their foreman, "a true bill;" and this bill having been received as such from them, by the judge and clerk, the court cannot but know, from its own cognizance of the facts, that the word written or printed "Wadison," should be read Madison. The defendant, too, being summoned, or arrested and brought into the Circuit Court of Madison county, to answer there to an indictment against him, when it is shown to, or a copy of it is served upon him, is necessarily advised that it is to a presentment of a grand jury of that court and county that he is required to answer; since it could not, under our constitution, be sent from the court of another county into that, except with his consent.

Section 4784 (4111) of the Code of 1876 enacts, that "an indictment must contain, in the caption or body thereof, the name of the State, county and term, in and at which it is preferred." And a brief form is given on page 991, of such a caption; which ought always to be used. But this does not hinder the more solemn setting forth of those same things, as in this instance they are set forth, in the record of the proceedings which, as we have seen, constitutes the more formal caption to the indictment, from being a sufficient compliance with the provisions quoted from section 4784. We hold that the indictment in this cause is sufficient, and should not be quashed.

There is no final judgment, though, in this cause, from which an appeal could be taken; and the appeal itself must be dismissed.