# Toole *v.* The State.

89 131
141 18

*Indictment for Selling Spirituous Liquors, contrary to Law.*

1. *Indictments in City Court of Anniston.*—An indictment which, as the record shows, was preferred by a grand jury drawn, summoned and organized, " according to law," by the City Court of Anniston, is not demurrable because the name of Calhoun county is stated in the caption, and it purports to be found by the grand jury "of said county;" nor because it does not allege or show on its face that the offense was committed within the territorial area of which that court has jurisdiction.

FROM the City Court of Anniston.

Tried before the Hon. B. F. CASSADY.

The indictment in each of these two cases was returned into court on the 18th October, 1889; was signed by "*J. H,*

[Toole v. The State.]

*King*, solicitor of the City Court of Anniston," and was in the following words: "The State of Alabama, Calhoun County; City Court of Anniston, October Term, 1889. The grand jury of said county charge, that Harry Toole, before the finding of this indictment, sold spirituous, vinous, or malt liquors, without a license, and contrary to law; against the peace," &c. The record in each case shows, also, the orders and proceedings had in said City Court in the matter of drawing and organizing the grand jury by which the indictments were found. The defendant demurred to each of the indictments, on these grounds: (1) because it does not show that defendant is indicted for any offense committed within the jurisdiction of said court; (2) because the caption of the indictment is *Calhoun County*, and it is nowhere shown that the offense, if any, was committed within the jurisdiction of said court; (3) because the indictment shows that it was found by the grand jury of said county, and this court has no authority to try an indictment found by such grand jury; (4) because the indictment shows that this court has no jurisdiction of the offense charged. The court overruled the demurrer, and the defendant then pleaded not guilty.

GORDON MACDONALD, for the appellant, cited 1 Bishop's Crim. Pro., § 99, Ed. 1866; 1 Chitty's Crim. Law, 197; *McBride v. State*, 10 Humph. 615; *Com. v. Richards*, 1 Va. Cases, 1; *Com. v. Taylor*, 2 *Ib*. 94; 2 Hawk. P. C. 166; Cro. Jac. 276; *Reeves v. State*, 20 Ala. 33; *Goodloe v. State*, 60 Ala. 73.

WM. L. MARTIN, Attorney-General, for the State.

MCCLELLAN, J.—These cases involve the same questions, and were submitted together. The demurrers to the indictments were, in our opinion, properly overruled. The record in each case sufficiently shows that the grand jury which preferred the indictments was the grand jury of the City Court of Anniston. It appears that this jury was ordered to be summoned by said court; that the original *venire facias* was issued out of said court, executed by the sheriff, and returned into said court; that the jury was "according to law" sworn, impanelled, and charged by said court; and that the indictments were returned into said court, signed by the solicitor thereof, with all the necessary

and proper indorsements. The presumption of law, on these facts, is, that the grand jury confined its investigations to the territory over which the City Court had jurisdiction; and this presumption is not rebutted by the captions of these indictments, which are in the usual form, reciting State, county and court, to-wit: "The State of Alabama, Calhoun County, City Court of Anniston, October Term, 1889"; nor by the statements of the indictments themselves, that "the grand jury of said county charge," &c. The reasonable, fair and necessary intendment of all this is no more or less than that the grand jury of said City Court, acting in and for that part of the county covered by the territorial jurisdiction of that court, find and prefer the indictments.

Nor was it necessary that the indictments should have laid the venue of the offenses charged within that part of Calhoun county of which the City Court has jurisdiction. The Code, with reference to the statement of *venue* in indictments provides: " It is not necessary to allege where the offense was committed; but it must be proved on the trial to have been committed within the jurisdiction of the county in which the indictment is preferred."—Code, § 4374. The act creating the City Court of Anniston applies to that court and its proceedings all general laws of the State applicable to Circuit Courts, except as, and to the extent, the same are changed by said act.—Acts 1888-9, pp. 564, *et seq.* We see no reason why the section quoted should not and does not obtain with respect to an indictment preferred in that court, so far as to avoid the necessity of an averment that the offense charged was committed within its territorial jurisdiction. The act does not alter the general law in this regard. Its limitation of the court's jurisdiction to a part of the county of Calhoun, has no other effect than to require proof of the commission of the crime within that part, instead of within the county, as would be the case if the jurisdiction extended to the whole county.

The other questions presented by this record have, at this term, been determined adversely to the position taken by the appellant.—*Olmstead v. State, ante,* p. 16.

The judgment of the City Court is affirmed.