# Gater *v.* The State.

## *Indictment for Murder.*

1. *Indictment; what constitutes caption thereof.*—The caption of an indictment is that entry upon the records of the court showing when and where the court was held, who presided as judge, the venire, and who was summoned and sworn as grand jurors; and this general caption, which is a part of every indictment, though not required to be included in the copy served on the defendant in a capital case, may be referred to to supply a defect or clerical error contained in the special caption or heading at the commencement of any particular indictment.

2. *Organization of jury; failure to serve one of the persons named on special venire, no ground for quashing same.*—The fact that a person whose name is on the special venire drawn for the trial of a capital case, and served upon the defendant, is not a citizen of the county or state, and therefore he was never summoned as a juror, constitutes no ground for quashing the venire.

3. *Homicide; drunkenness; burden of proof; charge of court to jury.*—On a trial under an indictment for murder, where the defendant interposed the defense that at the time of firing the fatal shot, he was so drunk as to be incapable of forming an intention to kill, and he introduced evidence tending to prove such fact, a charge is erroneous and properly refused which instructs the jury that "The burden in this case is not on the defendant to show that he was incapable of forming an intention to kill, but the jury must believe from all the evidence in the case beyond a reasonable doubt that at the time of the killing of the deceased Whitehead, the defendant was capable of forming an intention to take human life, before they can find the defendant guilty of murder."

4. *Homicide; drunkenness as a defense.*—In order for drunkenness to be a defense for the commission of murder, it is necessary for it to be shown that at the time of the homicide the defendant was so drunk as to be mentally incapable of forming the specific intent necessary to constitute the crime of murder,

[Gater v. The State.]

and when drunkenness is relied upon as a defense for such crime, the burden of proof is upon the defendant to show he was mentally incapable at the time, by reason of his drunkenness, of forming such specific intent; but the law does not require that this mental incapacity should be established by the defendant to the entire satisfaction of the jury, since it is sufficient, if, after considering all the evidence, the jury have a reasonable doubt as to whether the defendant was mentally capable of forming such specific intent.

5. *Homicide; charge of court to jury; as to defendant seeing the person shot at.*—On a trial under an indictment for murder, where the evidence shows that the defendant killed the deceased while shooting at another person, it is immaterial whether the defendant saw such other person at whom he shot, if he fired at him with the intent to kill him.

6. *Defendant's character; charge of court in reference thereto.*—On a trial under an indictment for murder, where no evidence of the defendant's character was introduced, a charge is erroneous which instructs the jury that the law presumes the defendant's character to be good until the evidence shows it to be otherwise, since there is no presumption in the absence of evidence that it was either good or bad.

APPEAL from the Circuit Court of Perry County.

Tried before the Hon. JOHN MOORE.

The appellant in this case, John Gater, was indicted and tried for the murder of William Whitehead, was convicted of murder in the first degree, and sentenced to be hanged.

The minutes of the terms of the court at which the indictment against the defendant was preferred, contained the following caption: "State of Alabama, Perry County. Circuit Court, Fall Term, 1903. Be it remembered that at a regular term of the circuit court begun and held in and for the State and County aforesaid, at the court house in Marion on Monday the 2nd day of November, 1903, it being the 8th Monday after the last Monday in August, 1903, present Hon. John Moore, Judge of the 4th Judicial Circuit, presiding, the following proceedings were had, to-wit." There then follows a recital of the grand jurors who were summoned, the organization of the grand jury, and the appointment of a foreman of said grand jury.

The indictment which charged the defendant with the murder of William Whitehead, by shooting him with a pistol, contained the following caption: "The State of Alabama, Perry County. Circuit Court, Spring Term, 1903." This indictment was endorsed "A true bill," and was signed by the person who was appointed, by the court in the order hereinabove referred to, as foreman of the grand jury. There was also endorsed on this indictment the following statement: "Filed in open court 4th day of November, 1903," which was signed by the clerk of the court. The defendant demurred to the indictment upon the grounds that it shows upon its face that it was not found at the Spring term of 1903 of the circuit court, and the endorsement and return thereon showed that it was not found at the fall term of 1903 of said court. This demurrer was overruled.

Before entering upon the trial of the case, the defendant moved the court to quash the venire served upon the defendant, upon the ground that the name of E. T. Fowler was drawn as a special juror of said case, and his name was on the copy of the venire served on the defendant as a juror as residing in one of the precincts of said county, and that, as a matter of fact, no person named E. T. Fowler lived in said county at the time of the drawing of said special jury, or at the time of the trial. Upon the hearing of this motion, it was shown that one E. T. Fowler had lived in the designated precinct in said county, but had removed out of the State some years ago. The court overruled the motion to quash the venire, and to this ruling the defendant duly excepted.

On the trial of the case it was shown that William Whitehead was killed by the defendant shooting him with a pistol; that at the time he was killed, the defendant was shooting at one John Hardie, who was standing on the porch of his (Hardie's) store; that while the defendant was shooting at Hardie, the deceased was in Hardie's store, and that one of the balls from the defendant's pistol entered the store and struck the deceased in the back, inflicting a mortal wound, from which he died in a few minutes.

[Gater v. The State.]

There was also evidence introduced by the State that the defendant had made repeated threats against said John Hardie, and had stated on the date of the homicide that he was going to kill him. The other facts of the case are sufficiently stated in the opinion.

The bill of exceptions contains the following recitals as to the court's oral charge, and the defendant's exceptions thereto: "The court in its oral charge to the jury, stated to them among other things that drunkenness was no excuse for crime, except in those cases where the intent was an essential element for the crime; that in such cases, if at the time of the commission of the alleged offense, it is shown that the defendant was so drunk, as to be mentally incapable of forming the specific intent necessary to constitute the crime, then he cannot be convicted of that offense. Drunkenness is defensive matter, and when relied on by the defendant to exculpate himself, the burden of proof is upon him to show it, and to show he was mentally incapable at the time, by reason of his drunkenness of forming the specific intent necessary to constitute the offense. The law does not require that this mental incapacity should be established by the defendant to the entire satisfaction of the jury. It is sufficient, if after considering all the evidence, the jury have a reasonable doubt as to whether the defendant was mentally capable of forming such specific intent. Applying this law to this case, if you believe from the evidence that the defendant at the time of the shooting was so drunk as to be mentally incapable of forming the specific intent to take the life of John Hardie, then you cannot convict him of murder in either degree, or if after considering all the evidence you have a reasonable doubt as to whether said defendant has such mental incapacity at the time, you cannot convict him of murder in either degree. The defendant excepted to so much of the foregoing statement as placed the burden of proving drunkenness and its extent upon the defendant."

The defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (14).

"The burden in this case is not on the defendant to show that he was incapable of forming an intention to kill but the jury must believe from all the evidence in the case beyond a reasonable doubt that at the time of the killing of the deceased Whitehead, the defendant was capable of forming an intention to take human life before they can find the defendant guilty of murder." 18. "If the jury believe from all the evidence beyond a reasonable doubt that at the time the defendant made the shot that killed Whitehead, the defendant could not see John Hardie, then the defendant cannot be as guilty as if he had in fact shot at John Hardie." (19). "If the jury believe that Whitehead was killed by the defendant by a pistol shot, which was not aimed at said Whitehead, and if they further believe that at the time said shot was fired, the said defendant could not see John Hardie, then the jury cannot punish the defendant as though he had aimed the shot at said John Hardie." (20). "The court charges the jury that if after looking at all the evidence in this case, they have a reasonable doubt as to whether or not the defendant saw John Hardie at the time he fired the first two shots (if you find that he fired said shots), you cannot find the defendant willfully, maliciously and premeditatedly tried to kill said John Hardie." (21). "The court charges the jury that it is a matter of common knowledge that a man who is so drunk that he cannot scarcely walk, cannot become perfectly sober in two hours or in two hours and a half, without artificial aid of some description." 22. "The court charges the jury that under the law in this case, they cannot convict the defendant of murder in the first degree unless after looking at all the evidence in the case, they are convinced beyond all reasonable doubt to a moral certainty, that at the time the defendant fired the first two shots (if you find that he fired said two shots), defendant saw John Hardie, and that the defendant fired the first two shots with a wilful, deliberate, malicious and premeditated intention to unlawfully kill John Hardie." (23). "The court charges the jury that if they believe from the evidence that at

the time the defendant fired first two shots (if you believe he fired them), defendant did not see John Hardie, and if you further believe that John Hardie took two or three steps north towards the north end of the porch in front of the store, and in the direction of the defendant, and commenced firing at the defendant, and that the defendant then jumped into the shop and commenced shooting at John Hardie, or in the direction of said John Hardie, and if you believe one of the shots so fired by the defendant while in said shop killed the deceased, you cannot convict the defendant of murder either in the first or second degree, and the court further charges you that if you have a reasonable doubt whether or not the facts above stated are true, you cannot convict the defendant of murder in the first or second degree." (24.) "If the jury believe from the evidence that the defendant fired the first two shots in the difficulty between him and John Hardie, and if you further believe that at the time said first two shots were so fired first, and that at the time said first two shots were fired there was an obstruction that made it impossible for the defendant to see John Hardie, then I charge you that the said defendant did not aim the said two shots at said John Hardie, and if you further believe that the said John Hardie moved up to the corner of the store where he could see the defendant, and then and there shot at the defendant while he was in the shop, and that the defendant then fired a shot which killed the said Whitehead, who was in the store, not seen by the defendant about 12 feet to the left of said John Hardie, then you will find the defendant not guilty." (25.) "If the jury believe from the evidence that the defendant was in the door of the shop, and John Hardie was standing on the porch in front of store, and near the door, and that there was an obstruction that prevented the said defendant from seeing the said John Hardie, and that then and there the said defendant fired two shots when he could not see Hardie, and if you further believe that after said two shots were fired the said John Hardie walked up to the corner of the store and fired said two shots at the defendant, and that after this the defendant fired a

shot at John Hardie, and thereby killed the said White-head, when he did not see him, then you will find the defendant not guilty. (26.) "If the jury believe from the evidence that at the time the defendant fired the first two shots, that there was an obstruction which prevented the said defendant from seeing John Hardie, then although the evidence shows that the pistol ball struck the door within about three feet of said Hardie, they cannot believe that said defendant aimed the said two shots at John Hardie." (28.) "The defendant is considered innocent, and to have a good character, and this remains with the defendant until the evidence in this case convinces the jury beyond a reasonable doubt that the defendant is guilty." (29.) "The law presumes that the defendant is innocent, and that he has a good character, and this innocence and good character remains with the defendant until this good character and this innocence is taken away from the defendant by evidence in this case." (30.) "The court charges the ·jury that if they find after looking at all the evidence, they have a reasonable doubt that at the time of the shooting of Bill Whitehead, defendant was so drunk that he could not form a wilful, premeditated and deliberate and malicious design to take life, then the court charges you that the threats previously made by the defendant (if he made them) cannot be considered by you in making up your verdict in this case." (31.) "The jury in considering the evidence in this case is required by law to look at the presumption of law, that the defendant is innocent and of good character until the contrary is shown to your satisfaction." (32). "If the jury believe from the evidence in this case that John Hardie was standing just to the left of the door of store and on the porch, and the defendant was standing in the door of the shop at the time the defendant fired the first two shots, and the corner of the store was between Will Hardie and said defendant, and there was no way to see through the corner of said store, then I charge you that the defendant did not shoot at Will Hardie the first two shots."

[Gater v. The State.]

HENDON & HENDON, for appellant.—The court erred in the portion of its general charge, to which the defendant excepted, and also in refusing to give the 14th charge, requested by the defendant.—*Henson v. The State*, 112 Ala. 48; *Pickens v. The State*, 115 Ala. 52; *Whitten v. The State*, 115 Ala. 73; *Martin v. The State*, 119 Ala. 6-7; *Albritton v. The State*, 94 Ala. 76; *Prince v. The State*, 100 Ala. 146; *Watson v. The State*, 82 Ala. 12; *Holmes v. The State*, 23 Ala. 17; *Lewis v. The State*, 21 Ala. 218.

MASSEY WILSON, Attorney-General, for the State.—The indictment in this case was not subject to the demurrer interposed to it. The defendant is mistaken in his contention that the "caption" showed the indictment to have been found at the spring term of the court. It is true the words "Spring term, 1903," are found in the beginning of the indictment, but this is not the caption.—*Overton v. State*, 60 Ala. 73. The foreman of the grant jury appointed by the court signed the indictment "A true bill." Everything before and after the indictment shows that it was actually found at the fall term of the court. The demurrer was properly overruled.—*Quinn v. State*, 49 Ala. 354; *Caldwell v. State*, 49 Ala. 34; *Toole v. State*, 89 Ala. 131. Code Sec. 4893.

The court properly overruled the motion to quash the venire.—*Webb v. State*, 100 Ala. 47; *Arp v. State*, 97 Ala. 5.

The court did not err in the general charge given by it to the jury, or in its refusal to give the charges requested by the defendant.—*Dryman v. State*, 102 Ala. 130; *Hussey v. State*, 86 Ala. 34; *Matthews v. State*, 100 Ala. 46; *Jones v. State*, 96 Ala. 102; *Alston v. State*, 109 Ala. 51; *Horn v. State*, 98 Ala. 24.

TYSON, J.—Objection was taken to the indictment, by demurrer, on the ground that it appears to have been found at the spring term, 1903, of the circuit court, while the endorsements on it showed it to have been preferred at the fall term, 1903.

[Gater v. The State.]

This objection is predicated upon the theory that the caption of the indictment shows it to have been preferred at the spring term. It is true the words "Spring term 1903" are found in the beginning of the indictment and this fact is made the basis of the objection. But these words do not constitute the caption.

As said in *Overton v. State,* 60 Ala. 73: "The caption of an indictment is that entry of record showing when and where the court is held, who presided as judge, the venire, and who were summoned and sworn as grand jurors; and this caption is applicable to, or is a part of every indictment, and need not be again repeated in any part of the indictment. * * * * At least, this part of the record, though not such a portion of the indictment as that it must be included in the copy thereof which is required by law to be served on a prisoner about to be tried, is so connected with, and so appertains to it, that it may properly be referred to as showing in what court, at what term, by what grand jury, and in what county, the presentment was made. But, even this reference is not necessary, when the trial takes place in the court, and at the term, when and where the indictment was found." See also *Quinn v. State,* 49 Ala. 354; *Caldwell v. State, Ib.,* 34; *Toole v. State,* 89 Ala. 131.

The indictment has endorsed upon it, "A true bill," signed by the foreman of the grand jury who is shown by the caption to be the person appointed by the court as foreman at the fall term 1903, and also has an endorsement on it in these words, "Filed in open court 4th day, November, 1903" which issigned by the clerk of the court.—§§4914 and 5039 of the Code of 1896.

It is, therefore, clear that the words "Spring" should have been "Fall" and is a *misprison.* The demurrer was properly overruled as was also the objection to testimony predicated upon the same proposition. The motion to quash the venire was properly overruled.—*Webb v. State,* 100 Ala. 47.

The testimony in behalf of the prosecution tended to show that defendant killed the deceased in an effort to carry out a premeditated design, unlawfully and mali-

ciously to effect the death of one Hardie. The killing occurred between the hours of two and. four o'clock in the afternoon.

The defendant offered testimony tending to show that he was drunk on the morning of the day of the homicide, and as late as twelve or one o'clock of that day. The State in rebuttal introduced witnesses who testified that he was sober or appeared to be at the time of the killing.

On these tendencies of the evidence the defendant requested charge numbered 14 which was refused. This charge asserts that "the burden is not on the defendant to show he was incapable of forming an intention to kill, etc.; and *Whitten's Case,* 115 Ala. 72, is relied upon as showing error in the ruling of the court. The charge under consideration in that case was materially different from this one. While it is true that, in one part of the opinion in that case, it is asserted that the burden is not on defendant, yet, it is evident from the whole context, that the learned judge meant to say that he was not required to establish his incapacity by a preponderance of the evidence or to the reasonable satisfaction of the jury. In other words, that the defendant was entitled to his acquittal if the testimony introduced by him tending to show drunkenness to such degree as to render him incapable of forming the intent to take life created a reasonable doubt of his guilt when considered by the jury in connection with all the evidence in the case. The opinion deals with the degree of evidence necessary to a conviction, rather than with the duty or necessity of offering any evidence.

The evidence in this case established without dispute a killing of deceased by defendant with a deadly weapon, without excuse or extenuation. The presumption in the absence of evidence to the contrary, must be indulged that he was capable of forming and entertaining the intent to take life. In view of this presumption, the burden was upon him to overcome it, not by a preponderance of the evidence, it is true, but to, at least, create a reasonable doubt of his capacity. The charge was properly refused.

[Gater v. The State.]

The general charge of the trial court when read as a whole is in accord with these views, and the exception reserved to it is without merit.

Whether defendant saw Hardie when he fired any of the shots, was wholly immaterial if he fired them with the intent to kill him. Charges 18, 19, 20, 22, 23, 24, 25, and 26 were, therefore, properly refused.

Charges 21 and 30 are so manifestly bad that it is unnecessary to comment upon them.

No evidence of defendant's character was offered upon the trial, and there is no presumption that it was either good or bad.—*Dryman v. State*, 102 Ala. 130. Charges 28, 29 and 31 were, therefore, properly refused.

Charge 32 invaded the province of the jury.

Affirmed.