## BRUCE v. STATE. (4 Div. 881.)

(Court of Appeals of Alabama. July 10, 1923. Dismissed July 26, 1923.)

1. **Criminal law** ⬥878(3)—**Finding of guilt as to only one count of indictment operates as acquittal of others.**

A verdict of guilty under only one count of an indictment operates as an acquittal under other counts.

2. **Criminal law** ⬥147—**Indictment charging misdemeanor held barred by 12-month statute of limitations.**

A count of an indictment charging a misdemeanor in that accused did before the 25th day of January, 1919, distill, make, and manufacture alcoholic liquors, in violation of Acts 1915, p. 2, § 3, which was not filed until May, 1922, *held*, on its face, barred by the 12-month statute of limitations (Code 1907, § 7347).

3. **Criminal law** ⬥1208(1)—**Sentence after conviction of misdemeanor held unauthorized and void under statute.**

A sentence of imprisonment in the penitentiary of not less than 13 or 14 months on conviction for a misdemeanor, under Acts 1915, p. 2, § 3, is unauthorized and void under Code 1907, § 6756.

4. **Indictment and information** ⬥87(3)—**Date of alleged felony need not be averred in indictment.**

Under Code 1907, § 7139, in order to charge a felony under Acts 1919, p. 6, § 15, it is unnecessary to allege the date of the commission of the offense; it being sufficient to aver that it was committed before the finding of the indictment.

Appeal from Circuit Court, Barbour County; J. S. Williams, Judge.

Donie Bruce was convicted of violating the prohibition law, and appeals. Reversed and rendered.

G. Ernest Jones, of Clayton, for appellant.

Prosecution for the offense charged was barred by the statute. Code 1907, § 7346; State v. Beckwith, 1 Stew. 318, 18 Am. Dec. 46.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

BRICKEN, P. J. There is a misjoinder in the counts of the indictment. Count 1 charges a misdemeanor; count 2 a felony. The indictment, as shown by the record, reads as follows:

"Count 1. The grand jury of said county charge that, *before* the 25th day of January, 1919, Donie Bruce, alias Donie Thomas, did distill, make, or manufacture alcoholic or spirituous liquors or beverages contrary to law. (Italics ours.)

"Count 2. The grand jury of said county further charge that, before the finding of this indictment, and since the 1st day of December, 1919, Donie Bruce, alias Donie Thomas, did have in his possession a still, apparatus, or appliance to be used for the purpose of manufacturing alcoholic or spirituous liquors or beverages, contrary to law, against the peace and dignity of the state of Alabama."

[1] The jury returned a verdict of "We, the jury, find the defendant guilty under count 1." This, of course, operated as an acquittal of the charge contained in count 2 of the indictment.

[2] As stated count 1 charged an offense which, under the statute of 1915 (Acts 1915, p. 2, § 3) was a misdemeanor. As will be noted, this count charged that the alleged offense was committed *before* the 25th day of January, 1919, etc. This averment may be, and possibly is, a misprision; but certainly we are to pass upon the indictment as presented to us by the record. The indictment was returned into open court, and filed therein on the 2d day of May, 1922, and count 1, charging a misdemeanor, as it did, was upon its face barred by the statute of limitations of 12 months (Code 1907, § 7347), and the verdict rendered thereon will not support a judgment of conviction.

[3] Moreover, the court, in passing sentence on this defendant, imposed a term of imprisonment in the penitentiary of not less than 13 months or more than 14 months. The offense of which this defendant was convicted being a misdemeanor, such penitentiary sentence was unauthorized and void. Code 1907, § 6756.

[4] If the first count of the indictment had charged the offense to have been committed *after* (or since) January 25, 1919, which it was doubtless intended to do, it would have properly charged the felony now prescribed by statute for distilling, making, or manufacturing the prohibited liquors designated. Acts 1919, p. 6, § 15. However, the time limit of 3 years since the adoption of the statute supra having run, there is now no necessity of averring in an indictment the alleged date of the commission of this offense, as time is no longer a material ingredient of the offense, and an averment in an indictment of this character of offense under the terms of section 7139 of Code 1907 would meet every requirement. Section 7139, supra, reads:

"It is not necessary to state the precise time at which the offense was committed; but it may be alleged to have been committed on any day before the finding of the indictment, or generally before the finding of the indictment, unless time is a material ingredient of the offense."

The period of time covered by an indictment for distilling, making, or manfacturing prohibited liquors, or for the unlawful possession of a still, etc., is 3 years; and, as 3 have elapsed since the passage of these acts (Acts 1919, p. 16, § 15; Acts 1919, p. 1086), time is no longer an ingredient of the offense, and it is sufficient to now use the general averment "before the finding of the indictment."

The opinion formerly rendered in this case is withdrawn, and this opinion substituted therefor. The jury by its verdict having acquitted the defendant of the charge contained in the second count of the indictment, and as there can be no conviction of the defendant upon count 1 thereof, an order is here issued reversing the judgment appealed from, and discharging the defendant from further custody in this proceeding.

Reversed and rendered.