(100 So. 573)

## WILLIAMS v. STATE. (8 Div. 164.)

(Court of Appeals of Alabama. June 3, 1924.)

**1. Indictment and information ⚚87(1)—Indictment for manufacturing liquor not demurrable for failure to allege date of offense.**

An indictment for unlawful manufacture of liquor was not demurrable because it failed to aver that offense was committed after act of January 25, 1919 (Acts 1919, p. 6), was passed and approved, where indictment was found June 27, 1923, more than three years after passage of act, time limit having run since adoption of statute, in view of Code 1907, § 7139.

**2. Intoxicating liquors ⚚209—Indictment held to charge felony on face.**

An indictment for manufacturing prohibited liquors *held* on its face to charge a felony under Acts 1919, p. 16, § 15, and Acts 1919, p. 1086.

**3. Indictment and information ⚚21 — What constitutes "caption of indictment."**

"Caption of an indictment" is that entry of record showing when and where court is held, who presided as judge, complete venire and indorsements, and who were summoned and sworn as grand jurors.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Caption.]

**4. Indictment and information ⚚21—Record entries that may be looked to to supply defect in caption or heading.**

Entries of record showing when and where court is held, who presided as judge, complete venire and indorsements, and who were summoned and sworn as grand jurors, may be looked to to supply any defect or clerical error in special caption or heading of an indictment.

Appeal from Circuit Court, Limestone County; Osceola Kyle, Judge.

Everett Williams was convicted of distilling, and appeals. Affirmed.

The record shows the following:

"Organization of Court.

"State of Alabama, Limestone County.

"In the Circuit Court, September 17, 1923.

"Be it remembered that a circuit court was begun and held for Limestone county, state

---

of Alabama, on this the 17th day of September, 1923, the Hon. O. Kyle, as judge of the Eighth judicial circuit of Alabama, being present and presiding, D. C. Almon, solicitor, Geo. L. Sherrill, clerk of the said court, and Van V. Gilbert, sheriff of said county, being also present, the following proceedings were had and done, in a certain cause styled The State of Alabama, Plaintiff, v. Everett Williams, Defendant.

"Indictment.

"State of Alabama, Limestone County.

"No. 6547, January Term, 192—. Circuit Court.

"The grand jury of said county charges that before the finding of this indictment Everett Williams did distill, make, or manufacture alcoholic, spirituous, malted, or mixed liquors or beverages, a part of which was alcohol, contrary to law.

"2. The grand jury of said county further charges that before the finding of this indictment Everett Williams did manufacture, sell, give away or have in his possession a still, apparatus, appliance, or device, or substitute therefor, to be used for the purpose of manufacturing prohibited liquors or beverages, contrary to law, against the peace and dignity of the state of Alabama.

"D. C. Almon,
"Solicitor of Eighth Judicial Circuit.
"Filed in open court on the 27th day of June, 1923, in the presence of the grand jury.
"Geo. L. Sherrill, Clerk."

W. W. Malone, of Athens, for appellant.

No brief reached the Reporter.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

FOSTER, J. The appellant was convicted for manufacturing prohibited liquors.

[1] Demurrer was interposed to the indictment and the following grounds assigned:

"1. Because it is not averred that the alleged offense was committed after the act of January 25, 1919, was passed and approved.

"(2) Because it is vague, indefinite, and uncertain in that it is not stated when the offense charged was committed.

"(3) Because on its face it charges either a felony or a misdemeanor.

"(4) Because said indictment is void on account of its uncertainty and ambiguity.

"(5) Because the indictment shows on its face that it was found at a certain January term of this court, but does not state or show of what year."

Section 7139 of Code 1907 reads:

"It is not necessary to state the precise time at which the offense was committed; but it may be alleged to have been committed on any day before the finding of the indictment, or generally before the finding of the indictment, unless time is a material ingredient of the offense."

The indictment was found on June 27, 1923, which was more than three years after the passage of the acts making the manufacture of prohibited liquors and the unlawful possession of a still a felony (Acts 1919, p. 16, § 15; Acts 1919, p. 1086). The period of time covered by an indictment for such offenses is three years. The time limit having run since the adoption of the statute and before the finding of the indictment, time was no longer a material ingredient of the offense, and it was sufficient to use the general averment "before the finding of the indictment." Bruce v. State, 19 Ala. App. 368, 97 South. 373.

[2] The indictment charged on its face a felony.

[3] "The caption of an indictment is that entry of record showing when and where the court is held, who presided as judge, the complete venire and indorsements, and who were summoned and sworn as grand jurors." Collins v. State, 3 Ala. App. 64, 58 South. 80; Reeves v. State, 20 Ala. 33; Morgan v. State, 19 Ala. 558; Quinn v. State, 49 Ala. 354; Perkins v. State, 50 Ala. 154; Gater v. State, 141 Ala. 10, 37 South. 692.

[4] These record entries, including the date of the filing of the indictment, may be looked to, to supply any defect or clerical error in the special caption or heading of an indictment. Overton v. State, 60 Ala. 73; Gater v. State, 141 Ala. 10, 37 South. 692.

The demurrer to the indictment was properly overruled.

There is no error in the record. The judgment of the circuit court is affirmed.

Affirmed.