156 So. 585

## CLEMENTS v. STATE.

6 Div. 670.

Court of Appeals of Alabama.

Oct. 2, 1934.

Robert T. Proctor, of Birmingham, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

BRICKEN, Presiding Judge.

■ From the record it appears this appellant was indicted by the grand jury of Blount county, Ala., at the spring term, 1925, of the circuit court. The record also shows that the case was tried in said court on August 31, 1933, at which time the jury returned a verdict of guilty as charged in the first count of the indictment, wherein he was charged with the offense of distilling, making, or manufacturing alcoholic, spirituous, malted, or mixed liquors or beverages, a part of which was alcohol. The indictment contained two counts, but the verdict of the jury operated as an acquittal of the accused under the second count; therefore points of decision here presented which relate to the second count of the indictment only need not be considered.

■ The action of the court in overruling certain demurrers to the first count of the indictment presents the sole question on this appeal; the appeal being rested upon the record proper only. There is no bill of exceptions.

■ The demurrers take the point that the indictment was defective in not stating the time of the alleged commission of the offense therein charged. By express terms of the statute (Code 1923, § 4534), it is not necessary to state the precise time at which the offense was committed; but it may be alleged to have been committed on any day before the finding of the indictment, unless time is a material ingredient of the offense. In the charge by indictment here time was not a material ingredient of the offense, and the allegations contained in said count as to time were mere surplusage. The trial court prop-

erly so held, and committed no error in overruling the demurrer. The case of Bruce v. State, 19 Ala. App. 368, 97 So. 373, and cases cited, is conclusive of this question. The record proper being regular in all respects, the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.