# White v. The State.

*Indictment for Murder.*

1. *Evidence as to character of State's witness.*—After the examination of a State witness, it is competent for the defendant upon the introduction of another witness to ask him, "Do you think you know the general character of" the State's witness, calling him by name, "in the community in which he lives;" and it is error for the court to sustain objections to such question.

APPEAL from the City Court of Montgomery.
Tried before the Hon. A. D. SAYRE.
The appellant was indicted and tried for the murder of

Margaret Davis, was convicted of murder in the second degree, and sentenced to the penitentiary for ten years.

After the examination of Milton Barnes, a witness introduced by the State, the defendant introduced one L. G. Hill as a witness, and asked him the following question : "Do you think you know the general character of Milton Barnes (State's witness) in the community in which he lives?" The State objected to the question, the court sustained the objection, and the defendant duly excepted.

It is unnecessary to make a detailed statement of the facts pertaining to the other rulings of the court upon the trial of this cause.

J. S. FULLER and T. M. ARRINGTON, for appellant.

WILLIAM C. FITTS, Attorney-General, for the State. The refusal of the court to allow the question asked the witness Hill, as to the character of the State's witness, was free from error. The only legal inquiry was as to the character of the witness for truth and veracity. *Moulton v. State*, 88 Ala. 117.

McCLELLAN, J.—The city court erred in excluding from the jury proposed testimony going to show that the *general character* of State's witness, Barnes, was bad. *McCutchen v. Loggins*, 109 Ala. 457, 465 ; *Rhea v. State*, 100 Ala. 119, 122, and cases there cited.

The other exceptions reserved on the trial are patently without merit.

Reversed and remanded.