# Allen *v.* The State.

## *Murder.*

(Decided May 31, 1906.   41 So. Rep. 624.)

1.  *Criminal Law; Evidence; Flight.*—In a prosecution for murder evidence of flight of accused, together with the facts connected therewith is admissible.

2.  *Same; Surrender.*—The state having introduced evidence tending to show that after the difficulty defendant ran off, it

(Allen v. The State.)

was error to exclude evidence offered by the defendant tending to show that defendant went from the scene of the difficulty to the house of a white man in the neighborhood, to whom defendant surrendered, and by whom defendant was turned over to the sheriff.

3. *Same; Curing Error.*—The fact that defendant was permitted to testify that he went from the scene of the difficulty to the house of a neighbor, to whom he surrendered, did not cure the error in excluding such testimony offered by other witnesses.

4. *Same; Instructions; Province of Jury.*—It is invasive of the province of the jury to instruct them that under the undisputed facts in this case defendant bore a good character, and such charge was properly refused.

5. *Same; Instructions Misleading.*—An instruction that mere words whether opprobious or not, if used by the defendant to deceased, would not warrant deceased in striking or attempting to strike defendant with a piece of wood, was misleading and properly refused.

6. *Same; Record; Venire; Indictment; Service on Accused.*—It should appear of record that an order was made requiring the sheriff to serve a copy of the indictment and venire on accused one entire day before his trial, as required by § 5273, Code 1896.

7. *Homicide; Instructions; Self Defense.*—A charge asserting that while the burden of proof is on defendant to show self-defense, yet, if on the whole evidence, the jury have a reasonable doubt as to whether defendant acted in self-defense or not, he should be acquitted, failing, as it does to set out the elements constituting self-defense, is bad and properly refused.


APPEAL from Limestone Circuit Court.

Heard before HON. D. W. SPEAKE.

The defendant was indicted for the murder of Jim Allen by cutting him with a knife. He was convicted of murder in the second degree and sentenced to the penitentiary for 50 years. The facts necessary to an understanding of the opinion sufficiently appear therein. The defendant requested the following written charges, which were refused by the court: "(1) I charge you that under the undisputed evidence in this case, the defendant bore a good character. (2) I charge you that words, whether opprobrious or otherwise, if used by this defendant to deceased, Allen, if you find he did, did not

(Allen v. The State.)

warrant or justify Jim Allen in striking or attempting to strike the defendant with the piece of wood referred to in the evidence, if you believe from all the evidence that deceased did strike or attempt to strike the defendant. (3) The burden of proof is upon defendant to show self-defense, yet if, upon all the evidence, the jury have a reasonable doubt as to whether he acted in self-defense or not, he is entitled to the benefit of the doubt and to an acquittal." The evidence tended to show that the cutting took place in the lot of the deceased, and the difficulty arose over the refusal of the deceased to lend the defendant a mule to ride to camp meeting. The evidence for defendant tended to show that, after some conversation between defendant and deceased about the mule, deceased picked up a piece of wood and attempted to strike the defendant.

THOMAS McCLELLAN, for appellant.—Private citizens may arrest without warrant when duty is the premises.—5215-16-17, code 1896.

Where flight of accused is offered in evidence by the state the defendant has the right to offer in reply all the circumstances thereof and such explanation as he may have therefor and the jury alone is to determine the probative force of the alleged flight and the satisfactoriness of the defendant's explanation.—*Elmore's Case*, 98 Ala. 12; *Lewis' Case*, 96 Ala. 6; *Pate's Case*, 94 Ala. 17; *Chamblee's Case*, 78 Ala. 468; *Carden's Case*, 84 Ala. 420 of opinion; *Sylvester's Case*, 71 Ala. 26; *Ross's Case*, 74 Ala. 536; *Bowie Case*, 58 Ala. 338; *White's Case*, 111 Ala. 92.

Injury is presumed where error is shown, unless it affirmatively appears from the record that no injury resulted.—*Nelson's Case*, 130 Ala. 83; *Clewis' Case*, 131 Ala. 469; *Rus' Case*, 138 Ala. 1.

The charges requested and refused should have been given.—Authorities supra.

MASSEY WILSON, Attorney General, with whom was W. R. WALKER, for the State.—The admission of testimony complained of, if error, was cured by the testimony

(Allen v. The State.)

of the defendant afterwards admitted.—*Howser's Case,*
117 Ala. 176, § 4333, code, 1896. Charge 1 requested by
the defendant was properly refused.—*Crawford v. The
State,* 112 Ala. 1. Charge 2 was properly refused on
the same authority. The charge on self-defense was
properly refused.—*Miller's Case,* 107 Ala. 40; *Roden's
Case,* 97 Ala. 54. Each charge requested must be com-
plete and perfect in itself without any reference to any
other charge, general or special, given or refused to be
given by the court. Hence, the fact that the court in its
oral charge fully stated the doctrine of self-defense and
the elements entering therein, cannot help the charge
refused or supply the deficiencies therein.—*Gilmore's
Case,* 126 Ala. 20, 39; *Mitchell's Case,* 129 Ala. 23, 40;
*Willingham's Case,* 130 Ala. 35, 40; *Hall's Case,* 130
Ala. 45, 56; *Smith's Case,* 130 Ala. 95, 98; *Adam's Case,*
133 Ala. 166, 174;*Stewart's Case,* 133 Ala. 105, 109;
*Scott's Case,* 133 Ala. 112, 116; *Mann's Case,* 134 Ala. 1,
22, 23; *Matthews' Case,* 136 Ala. 47, 50; *Wilson's Case,*
140 Ala. 43, 52.

DENSON, J.—The defendant was convicted of mur-
der in the second degree, and sentenced to imprisonment
in the penitentiary for 50 years.

It is plain law that flight may be given in evidence
as a criminating circumstance against the defendant. It
is also true that all the facts connected with the flight,
either to increase or diminish the probative force of the
fact itself, may be given in evidence. And it was said
by this court in *Bowle's Case,* and reaffirmed in *White's
Case,* that "the unfavorable inference against the pris-
oner (from proof of flight) would be lessened if he vol-
untarily returned and surrendered himself to answer
the accusation."—*Bowle's Case,* 58 Ala. 335; *White's
Case,* 111 Ala. 92, 21 South. 330. The state proved by
several witnesses that the defendant, when he cut the
deceased, ran off. It cannot be doubted that this was
evidence tending to show flight. The defendant is a ne-
gro. His counsel proposed to show that he went from
the scene of the difficulty to the house of Mr. Gordon,
a white man in the neighborhood, and surrendered him-

(Allen v. The State.)

self to him, and that Gordon thereupon carried defendant to Athens and delivered him to the sheriff. On the authorities supra we are constrained to hold that the court erred in not allowing the proof to be made by Gordon. We must not be misunderstood. Proof of voluntary surrender is competent only in cases where proof of flight has been made and in response to such proof.

It is insisted by counsel for the state that the error in not allowing the proof to be made by Gordon was without injury to the defendant, as the defendant was subsequently allowed as a witness in his own behalf to testify to the facts offered to be proved by Gordon, and that there was no evidence contradictory to his on this subject. We cannot say that injury did not follow from the error. The jury may not have believed the defendant. At any rate, we cannot say that they accepted his testimony in this respect as the truth.

There was no error in the refusal to give the written charges requested by the defendant. Charge 1 is invasive of the province of the jury. Charge 2 is misleadng. Charge 3 fails to set out the elements of self-defense.

The defendant is indicted for a capital offense and we feel it our duty to call attention to the imperfect condition of the record. The record fails to disclose that an order was made requiring the sheriff to serve on the defendant one entire day before the day fixed for the trial a copy of the indictment and the venire.—Code 1896, § 5273; *Spicer's Case,* 69 Ala. 159. More care should be taken than is evidenced by this record to see that statutory requirements are complied with.

The judgment is reversed, and the cause remanded.

WEAKLEY, C. J., and HARALSON and DOWDELL, JJ., concur.