# Allen *v.* The State.

## *Murder.*

(Decided Jan. 24th, 1907.  42 So. Rep. 1006.)

1. *Criminal Law; Instructions; Application to Issues.*—Where defendant's plea of former acquittal of murder in the first degree was sustained, instructions presenting for consideration this degree of homicide are properly refusd.

2. *Homicide; Instructions; Malice.*—A charge asserting that while a deliberate killing with a deadly weapon is presumed to be malicious, but if the facts and circumstances attending the killing are in evidence, the presumption must be drawn from the whole evidence, and not from the nature of the weapon only, is properly refused, where the state's evidence showed an intentionl and deliberate killing with a deadly weapon without justification, and the only evidence tending to show justification being offered by the defendant, the charge failing to hypothesize the worthiness of belief of such evidence and invading the province of the jury.

3. *Criminal Law; Argumentative Instruction.*—A charge asserting that the mere fact that defendant killed deceased at the time testified about did not meet or equal the measure of proof requred by law to establish defendant's guilt, is argumentative and properly refused.

4. *Homicide; Questions for Jury; Deadly Weapon.*—Whether or not the piece of timber which the evidence of defendant tended to show that deceased had in his hands at the time of the killing, was a deadly weapon, was a question for the jury

5. *Criminal Law; Instructions; Reasonable Doubt.*—A charge asserting that a reasonable doubt is a doubt for which a reason can

[Allen v. The State.]

be given, and if the evidence fails to so convince the jury, then it amounted to a reasonable doubt, was improper and its refusal not error.

6. *Same; Argumentative Instructions.*—It was proper to refuse to charge that the mere reckless taking of human life is not the equivalent of murder in the second degree, such charge being argumentative and calculated to lead the jury to believe that the evidence showed only a mere reckless taking of human life.

7. *Homicide; Instruction.*—A charge is properly refused which asserts that unless the jury believe beyond all reasonable doubt that defendant intended to kill deceased when he struck him, defendant could not be found guilty.

8. *Same; Self Defense.*—An instruction which fails to set out the elements of self defense but attempts otherwise to set up such defense, is properly refused.

9. *Same.*—The burden is not on the state to show beyond all reasonable doubt that the defendant was at fault in bringing on the difficulty that resulted in the death of deceased unless it appears that defendant was in imminent peril of losing his life or of grievous bodily harm.

10. *Criminal Law; Instructions; Presumptions.*—The law presumes that a man intends to do what he does.

11. *Homicide; Instructions; Burden of Proof.*—It is not necessary that the danger be real, if the appearances are such as to lead a reasonably prudent man to believe that the danger exists, and an instruction placing the burden on defendant to show that he was in great danger of losing his life of suffering great bodily harm, was wrong as exacting too high a degree of proof, and was also incomplete.

APPEAL from Limestone Circuit Court.

Heard before HON. JOSEPH H. NATHAN.

Surry Allen was convicted of murder in the second degree, and he appeals.

The following charges were refused to the defendant: "(G) I charge you, gentlemen of the jury, that the mere fact that this defendant killed Jim Allen at the time testified about does not meet or equal the measure of proof required by law to establish the guilt of this defendant. (E) I charge you, gentlemen of the jury, that a piece of wood from two to three feet long and four inches thick and four inches wide, when used by a man with both hands, if it was used in this case, to strike an antagonist, is a deadly weapon. (O) I charge you,

gentlemen of the jury, that a reasonable doubt is a doubt for which a reason can be given; and, if the evidence fails to so convince you, then that is a reasonable doubt. (J) I charge you, gentlemen of the jury, that the mere reckless taking of human life is not the equivalent of murder in the second degree. (P) I charge you, gentlemen of the jury, that unless you believe beyond all reasonable doubt that the defendant intended to take the life of Jim Allen when he struck him you cannot find the defendant guilty. (M) I charge you, gentlemen of the jury, that if you have a · reasonable doubt as to whether or not the defendant acted in self-defense you cannot find the defendant guilty. (F) I charge you, gentlemen of the jury, that the burden is on the state to show by evidence beyond all reasonable doubt that the defendant was at fault in bringing on the difficulty that resulted in the death of Jim Allen." The oral charge of the court excepted to appears in the opinion.

M. K. CLEMENTS and WERT & WERT, for appellant.— The court erred in refusing the charges requested by defendant.—*Eiland v. State*, 52 Ala. 333; *Compton v. State*, 110 Ala. 30; 72 Ala. 201; *Winter v. State*, 123 Ala. 11; 112 Ala. 41; 1 Mayfield, 764.

MASSEY WILSON, Attorney General, for State.—No brief came to the reporter.

DENSON, J.—This is the second appeal in this case. However, none of the questions now presented were presented by the first appeal. On the first trial the defendant was convicted of murder in the second degree, the judgment was reversed, and the cause remanded.— *Allen's Case*, 146 Ala. 61, 41 South. 624. On the second trial the defendant pleaded former acquittal of murder in the first degree, the plea was sustained by the circuit court, and the defendant was put on trial before the jury for no higher crime than murder in the second degree. Therefore charges 5 and I, which presented for consideration or involved the crime of murder in the first degree, were inappropriate to and outside of the issues in the case and were properly refused.

The second instruction refused to the defendant is as follows: "While a deliberate killing with a deadly weapon is presumed to be malicious; but, if the facts and circumstances attending the killing are in evidence, the presumption must be drawn from the whole evidence, and not from the nature of the weapon only." The appellant contends that this instruction should be held good, and it refusal error, on the authority of *Eiland's Case,* 52 Ala. 333. Aside from the facts that the instruction is awkwardly constructed, we are of the opinion that it invades the province of the jury. Furthermore, in cases like this, the intentional use of a deadly weapon by the slayer may afford sufficient ground upon which to rest the presumption of malice, unless the evidence which proves the killing shows the excuse or extenuation.—*Miller's Case,* 107 Ala. 41, 19 South. 37; *Thayer's Case,* 138 Ala. 39, 35 South. 406; *Kennedy's Case,* 140 Ala. 1, 37 South. 90; *Wilson's Case,* 140 Ala. 43, 37 South. 93. The state's evidence tended to show a homicide by the intentional and deliberate use of a deadly weapon and without the semblance of justification or extenuation. The only evidence tending to show excuse or palliation was offered by the defense, and its worthiness of belief by the jury should have been hypothesized in the instruction.

Charge G, refused to the defendant, is argumentative. Besides, the use of the words, "the mere fact that defendant killed Jim Allen," would seem to imply that the evidence shows only the killing, without any circumstances of aggravation or otherwise. The charge was properly refused.—*Miller's Case,* 107 Ala. 41, 19 South. 37.

Whether the piece of timber, which the evidence for the defendant tended to show the deceased had in his hands, was a deadly weapon, was, under the evidence in the case, a question, not of law, but of fact, for determination by the jury under appropriate instructions by the court. In this view Charge E was properly refused to defendant.—*Tribble's Case,* 143 Ala. 23, 40 South. 938; *Tesney's Case,* 77 Ala. 39; *Sylvester's Case,* 72 Ala. 201; Vol. 26, Cent. Dig. "Homicide," § 562.

Charge O was properly refused.—*Avery's Case,* 124 Ala. 20, 27 South. 505.

Charge J was calculated to lead the jury to. believe that the evidence showed only a mere reckless taking of human life, and was properly refused. Besides, the charge is argumentative.

Charge P was properly refused.—*Thayer's Case,* 138 Ala. 39, 35 South. 406; *Lewis' Case,* 96 Ala. 6, 11 South. 259, 38 Am. St. Rep. 75.

Charge M fails to set out the elements of self-defense, and was properly refused.—*Allen's Case,* 146 Ala. 61, 41 South. 624.

The burden of proof does not rest on the state to prove that a defendant is at fault in bringing on a difficulty, unless it appears from the evidence that the defendant is in imminent peril of losing his life or of grievous bodily harm; and charge F, for failing to hypothesize such imminent peril, was properly refused.—*Roden's Case,* 97 Ala. 54, 12 South. 419; *Mitchell's Case,* 129 Ala. 23, 30 South. 348.

Under the evidence there was nothing to authorize a verdict for manslaughter in the second degree, and the court did not err in saying to the jury that that the degree of homicide was not involved in the case. That the law presumes that a man intends to do what he does is a legal truism, and the oral charge announcing this proposition is free from error.

The court, in the oral charge, said: "The burden is on the defendant to show that he was in great danger of losing his life or suffering great bodily harm." This charge is incomplete, and exacts too high a degree of proof. It is not indispensable that the danger of life or limb should be real; but, if the appearances are such as would lead the mind of a reasonably prudent man to the honest belief that such danger exists, that is sufficient in respect to the doctrine of imminent danger. We are constrained to hold that the charge contains error prejudicial to the defendant, which must work a reversal of the judgment and sentence.

Reversed and remanded.

TYSON, C. J., and HARALSON and SIMPSON, JJ., concur.