# Collins v. The State.

## Assault With Intent to Murder.

(Decided Feb. 6, 1912.　Rehearing denied Feb. 22, 1912.
58 South. 80.)

1. *Jury; Grand Jury; Members; Qualification.*—The fact that a grand juror on the panel which returned the indictment against the defendant was a brother-in-law of the prosecuting witness, did not disqualify such juror either at common law or under section 7304, Code 1907.

[Collins v. The State.]

2. *Indictment and Information; Abatement; Juror; Disqualification.*—An objection that a member of the grand jury which returned the indictment against the defendant was a brother-in-law of a prosecuting witness cannot'be taken advantage of by plea in abatement to the indictment, since, under section 23, Act 1909, p. 305, the only subject of plea in abatement is that the grand jurors were not drawn by officers designated by law, etc.

3. *Same; Form; Designation of Court.*—An indictment was not rendered defective because of the caption reciting that it was preferred by the county court of Clay county instead of by the County Court of Clay.

4. *Same; Caption.*—The caption of an indictment is not merely the marginal statement at the head of the indictment and venire, but is the entry of record showing when and where the court is held, who held it, the complete venire and endorsements and who was summoned and sworn as grand jurors, and such record entries may be looked to to supply a defect or clerical error in the special heading or caption of the indictment.

5. *Assault; Evidence; Relevancy.*—The fact that a third person may have shot at the person assaulted sometime before the assault in question, was not relevant to any issue then on trial.

6. *Witnesses; Examination; Relevancy.*—It was not error to permit the state on cross examination of a witness to ask him if he was not connected with, or had not belonged to a certain faction which had been shown to have ill will towards the defendant as bearing on the bias of the witness.

7. *Same.*—A witness may not be impeached by requiring him when recalled to answer the question whether he had not been run out of the community in which he lived for lying about a young lady, as the question laid no predicate for impeachment.

8. *Same.*—The fact that the prosecuting witness had been convicted and fined for an assault and battery on a third person was not admissible for the purpose of impeaching his general character, or his veracity, as the offence was not one involving moral turpitude.

9. *Same.*— It is competent to ask a witness if he thinks he knows the general character of a person who has been previously examined.

10. *Charge of Court; Argumentative.*—A charge asserting that the jury could not convict the defendant unless they believed from the evidence beyond all reasonable doubt that he was guilty, although they might believe from the evidence that another's conduct was hypocritical, was argumentative.

11. *Same; Invading province of the Jury.*—An instruction asserting that the defendant was not required to establish the defense of an alibi to the reasonable satisfaction of the jury, was invasive of the province of the jury.

12. *Same; Covered by Those Given.*—The trial court will not be put in error for refusing charges substantially covered by those already given.

13. *Same; Undue Prominence.*—An instruction that if the jury have a reasonable doubt as to whether the defendant was at the home of C. when prosecutor was shot, bases an acquittal on a reasonable

doubt growing out of a consideration of part of the evidence and single out and gives undue prominence to that part.

14. *Same.*—A charge that if the jury believe the evidence as to the character of the defendant, they must find him not guilty, gives undue prominence to a part of the testimony, and was properly refused.

APPEAL from Clay County Court.

Heard before Hon. E. J. GARRISON.

Irby Collins was convicted of assault with intent to murder, and he appeals. Affirmed.

Most of the facts appear in the opinion of the court. The question asked the witness Baker on his recall was: "Is it not a fact that you were run out of the community where Hawkins and Collins lived, and where you did live, for lying about a young lady?"

The following charges were refused to the defendant: (9) "The court charges the jury that you cannot convict the defendant, unless you believe from the evidence beyond all reasonable doubt that the defendant is guilty, even though you may believe from the evidence that Jim Peters' conduct was that of a hypocrite." (11) "The court charges the jury that the defendant is only responsible in this cause for his own conduct, and you are not authorized from this evidence to convict this defendant on the theory that he was in a conspiracy with any other person or persons to kill J. M. Hawkins." (15) "The court charges the jury that the defendant is not required to establish the defense of an alibi, which he has set up, to the reasonable satisfaction of the jury." (16) "If you have a reasonable doubt as to whether or not defendant was at the home of Tom Collins at the time Hawkins was shot, you must find the defendant not guilty." (22) "The court charges the jury that, if you believe the evidence of the character of Irby Collins, the defendant was not guilty." (A) "The court charges the jury that the proof of an alibi is a

[Collins v. The State.]

complete defense, and if you believe from the evidence that the defendant was at home the day of the shooting, or have a reasonable doubt as to where defendant was, you will find him not guilty."

RIDDLE, ELLIS, RIDDLE & PRUET, for appellant. No brief reached the Reporter.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, and WHATLEY & CORNELIUS, for appellee. No brief reached the Reporter.

PELHAM, J.—The indictment charged the defendant with an assault on one Jim Hawkins with intent to murder, the jury found the defendant guilty, and the court imposed a punishment of five years' imprisonment in the penitentiary. From the judgment of conviction, this appeal is prosecuted by the defendant.

A plea in abatement was filed to the indictment, setting up (1) that a brother-in-law of the party alleged to have been assaulted was a participating member of the grand jury that found and returned the indictment against the defendant; and (2) that the caption and indictment shows on its face that it was preferred, not by the county court of Clay, but by the county court of Clay county. The statute does not disqualify a member of the grand jury by reason of relationship to a person against whom a crime has been committed.—Code 1907, § 7304. Nor did the common law make such a disqualification. See 20 Cyc. p. 1302, and cases cited under note 4. Besides, the objection was not available by plea in abatement.—Acts 1909 (Sp. Sess.) p. 315, § 23.

Defendant's pleas in abatement, setting up that the caption and entire indictment shows on its face that it was preferred by the "county court of Clay county,"

and not the county court of Clay, and that the indictment was not found by a grand jury organized in the county court of Clay, are without merit. The incorporation of the additional and surplus word "county," following the word "Clay," in the designation of the court on the margin at the head of the indictment, and on the margin at the head of the grand jury venire, would not be ground for an abatement of the indictment, when the record shows—as it does in this case—that the defendant was charged on a valid indictment found and presented by a legal grand jury into a court of competent jurisdiction, i. e., the county court of Clay, which was held at a time and place provided by law, and presided over by an officer designated by law.

The caption of an indictment is not merely the marginal statement on the head of the indictment and of the venire. "The caption of an indictment is that entry of record showing when and where the court is held, who presided as judge, the complete venire and indorsements, and who were summoned and sworn as grand jurors."—*Reeves v. State,* 20 Ala. 33. See, also, *Morgan v. State,* 19 Ala. 558; *State v. Murphy,* 9 Port. 487; *Quinn v. State,* 49 Ala. 354; *Perkins v. State,* 50 Ala. 154; *Gater v. State,* 141 Ala. 10, 37 South. 692. These record entries may be looked to, to supply any defect or clerical error in the special caption or heading of an indictment.—*Overton v. State,* 60 Ala. 73; *Gater v. State, supra.* And an inspection shows the name of the state, county, court, and term in which and at which the indictment was preferred and a sufficient compliance with the provisions of the statute.—Code, § 7131.

The evidence showed that the injured party, Jim or J. M. Hawkins, while riding along a settlement road on his own premises Sunday afternoon, December 11, 1910, on horseback, was shot in the head, face, and

arms by some one in ambush with a shotgun, being hit by more than 80 shot, No. 5 and No. 8, and was confined to his house about two weeks as a consequence of the wounds received. Hawkins testified that, when the gun fired, he looked back and saw the defendant standing on the side of the road in the direction from which the shot came, working at a gun he held in his hands. Three other state's witnesses, members of the family of the prosecuting witness, testified to facts tending to show that the defendant was the person who shot the party alleged to have been assaulted. The defendant denied the shooting, and introduced evidence tending to prove an alibi.

The question asked the assaulted party by the defendant, while testifying as a witness for the state, about a third party's having shot at him some time before the assault in question by the defendant, was properly disallowed by the court. That some other person, in no way shown to be connected with the commission of the offense for which the defendant was being tried, at some other place and time, had shot, or shot at, the party assaulted, was entirely irrelevant and immateral.— *Walker v. State*, 139 Ala. 56, 35 South. 1011.

There was no error in allowing the solicitor, in cross-examining the defendant's witness Peters, to ask him if he was not connected with, or if he did not "belong to," a certain faction, when ill will between the factions had been shown. It was permissible, as tending to show the witness' connection with the defendant's faction, as evidencing bias of the witness.

The question asked the witness Baker by defendant, to which the court sustained an objection, was palpably improper. The question lays no predicate for an impeachment. Besides, the question was asked when the witness was recalled after he had been examined, and

was a discretionary matter with the court, and the court allowed the defendant to introduce in evidence the judgment of conviction against the witness in the defamation proceedings.

The court properly refused to allow the defendant to introduce in evidence the indictment and judgment of conviction against the prosecuting witness, Hawkins, showing he had been convicted and fined for an assault and battery on a third party. The offense of which the witness was convicted is not one involving moral turpitude, and could not be received for the purpose of impeaching the general character or veracity of the witness.—*Smith v. State*, 129 Ala. 89, 29 South. 699, 87 Am. St. Rep. 47; *Williams v. State*, 144 Ala. 14, 40 South. 405.

It is competent to ask a witness if he *thinks* he knows the general character of a witness who has been previously examined, and there was no error in overruling the questions propounded to the witness Baker and Van Nichols because so framed.—*White v. State*, 114 Ala. 10, 22 South. 111.

The general charge was properly refused. "Jim Hawkins" and "J. M. Hawkins" are shown by the statements in the bill of exceptions to be the same person. At the heading to his testimony, it is set out that "Jim or J. M. Hawkins was sworn," etc.

Refused charge No. 9 is argumentative. The correct legal principle embodied is covered by several of the given charges.

Charge No. 16 bases an acquittal on a reasonable doubt growing out of a consideration of part of the evidence, and singles out and gives undue prominence to that part. This charge is also covered substantially by the given charges on alibi.

Charge No. 15 invades the province of the jury, in stating that the defendant has set up an alibi to the reasonable satisfaction of the jury.

Charge No. 11 is more than covered by given charge No. 12.

Charge 22 singles out and gives undue prominence to a part of the testimony. Charge A is more than covered by given charges 18 and 19.

There is no error shown by the record, and the case will be affirmed.

Affirmed.