# Hill *v.* The State.

## *Murder.*

(Decided December 18, 1913. 64 South. 163.)

*Homicide; Degree; Drunkenness.*—Although voluntary, drunkenness rendering one incapable of forming an intent or purpose to do a thing may reduce a homicide then committed below manslaughter in the first degree.

APPEAL from Walker Law and Equity Court.

Heard before Hon. T. L. SOWELL.

Tom Hill was convicted of manslaughter, and appeals. Reversed and remanded.

The evidence tended to show that all the parties were drinking, or had been drinking, when they met where the difficulty occurred, and that there was considerable whisky among them. Evidence for defendant tends to show that he was very drunk when he fired the shot.

The following are the charges refused:

(1) "If the jury find that defendant was so drunk that he was incapable of volition, incapable of voluntarily doing anything, and incapable of forming malice or entertaining malice, then defendant could not be convicted of anything more than manslaughter in the second degree."

(8) "If the jury believe that defendant, at the time he is said to have shot Dave Todd, was so drunk that he was incapable of forming the purpose to do a voluntary act, then he cannot be convicted of any offense higher than manslaughter in the second degree."

GUNN & POWELL, for appellant. The court erred in refusing written charges 6 and 8.—*Heninburg v. State,* 151 Ala. 26. On this same authority the court was in error in its oral charge as to the effect of drunkenness.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.

WALKER, P. J.—Charges 1 and 8, refused to the defendant, were not abstract, and each of them was such a charge as should have been given, when duly requested by the defendant.—*Heninburg v. State,* 151 Ala. 26, 43 South. 959. The action of the court on these and on other charges given and refused, as well as instructions given in the oral charge, make it plain that it entertained the view that the voluntary drunkenness of the defendant, though it rendered him incapable of forming an intent or purpose to do anything, could not have the effect of reducing a homicide committed by him below the grade of manslaughter in the first degree. That this view is an erroneous one is shown by the ruling above cited.

Reversed and remanded.