(109 So. 845)

**BRILEY v. STATE.** (5 Div. 620.)

(Court of Appeals of Alabama. June 8, 1926. Rehearing Denied June 29, 1926.)

**1. Criminal law ⬤=364(3).**

That defendant was drunk 24 hours after homicide, without evidence showing continuation back to time of act, was not part of res gestæ, and was inadmissible.

**2. Criminal law ⬤=407(2).**

Statement in defendant's presence of one of men, who, at defendant's orders, had thrown deceased into well, that payment to them by defendant was for them to say nothing about crime, *held* admissible as incriminating statement.

**3. Criminal law ⬤=351(10).**

Letters of defendant to person jointly charged with him, evidencing an attempt to suppress testimony, *held* admissible.

**4. Homicide ⬤=81.**

Drunkenness is no defense as to either degree of manslaughter.

**5. Criminal law ⬤=55.**

Voluntary drunkenness is no excuse for crime which does not involve a specific intent or malice.

**6. Homicide ⬤=340(4).**

Verdict of second degree murder renders it unnecessary to consider charges relating to first degree murder.

**7. Homicide ⬤=294(2).**

Refused charge, relative to want of intention or willfulness to do unlawful act which caused death, because of mental status resulting from drink, *held* not to state correct rule.

**8. Criminal law ⬤=809.**

Refusal of misleading charge *held* not erroneous.

Appeal from Circuit Court, Lee County; S. L. Brewer, Judge.

Ernest S. Briley was convicted of murder in the second degree, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Briley v. State, 109 So. 846.

Refused charge 2 is as follows:

"If the jury believe from the evidence that there was a want of intention or willfulness on the part of the defendant to do the unlawful act which caused the death of deceased, and that such want of intention or willfulness resulted from a mental status which rendered the defendant incapable of forming the intent or purpose to do the act, then the jury should not find the defendant guilty of any offense above manslaughter in the first degree, although the jury may believe that the mental status was produced by drink."

Refused charges 5 and 7 relate to murder in the first degree.

W. H. Morrow, of West Point, Ga., and Denson & Denson, of Opelika, for appellant.

On a charge involving intent, malice, or premeditation, evidence of excessive drunkenness is permissible to reduce the grade of the crime. Laws v. State, 144 Ala. 118, 42 So. 40; Brown v. State, 142 Ala. 287, 38 So. 268; Ford v. State, 71 Ala. 385; Morrison v. State, 84 Ala. 409, 4 So. 402; King v. State, 90 Ala. 612, 8 So. 856; Rhodes v. State, 3 Ala. App. 182, 57 So. 1021; Bell v. State, 140 Ala. 57, 37 So. 281; Cagle v. State, 211 Ala. 346, 100 So. 318. Where there is evidence of defendant's drunkenness at the time of the alleged offense, the court should charge as to the law on the subject. Heninburg v. State, 151 Ala. 26, 43 So. 959; Hill v. State, 9 Ala. App. 7, 64 So. 163.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

Drunkenness is not a defense to either degree of manslaughter. Cagle v. State, 211 Ala. 346, 100 So. 318. Charge 2 is not correct. Lakey v. State, 20 Ala. App. 78, 101 So. 537. Charges relating to murder in the first degree were refused without error. Spelce v. State, 20 Ala. App. 412, 103 So. 694. Defendant's condition 24 hours after the homicide was no part of the res gestæ. Bowling v. State, 18 Ala. App. 231, 90 So. 33. Incriminatory statements of the accused admissible. Carter v. State, 205 Ala. 460, 88 So. 571. An attempt to suppress testimony may properly be shown in evidence. 1 Wigmore on Evi. 278; Whatley v. State, 209 Ala. 5, 96 So. 605. Where Vera Hargett lived was relevant. Circuit court rule 33; Moulton v. State, 19 Ala. App. 446, 98 So. 709.

SAMFORD, J. [1] The defendant, on cross-examination of the witness Moore, asked several questions with reference to whether defendant was drinking or drunk at the time he was arrested on the charge for which he is here prosecuted. The state's objections to these questions were sustained, and this action of the court is urged as error. Whatever the rule may be regarding the defendant's condition mentally at the time of a homicide, as bearing upon the question of malice, the fact that he was drinking or drunk 24 hours after the homicide, without evidence showing continuation back to the time of the act, is not a part of the res gestæ, and is inadmissible in evidence. All the authorities agree as to this.

[2] After the defendant had shot the de-

ceased, and she had fallen, and he had ordered four men there present to throw her into the well, from which she was subsequently taken, defendant went to his "shack," called the four men to him, and gave them $3 each. At that time a proper predicate having been laid, the state was permitted to prove that there, and in the presence of defendant, one of the men said: "You all know what this is for, why this here is for us not to say nothing about it." This was an incriminating statement made in the presence of defendant demanding a denial, and as such was admissible.

[3] Letters No. 1, No. 2, and No. 9, shown and admitted to have been written by defendant to Vera, the party jointly charged with him in this indictment, at the time defendant was in jail charged with the murder of deceased, evidenced an attempt to suppress testimony, and were admissible in evidence.

It was immaterial to any issue as to where Vera Hargett's tent was located or as to where she slept, and the court was in error in permitting the solicitor to ask the questions, bringing out these facts, but the answers rendered the errors harmless.

[4] The defendant requested the trial judge to give many written charges relating to drunkenness reducing a homicide from murder to manslaughter. These charges the court refused. As to those charges which require a reduction to manslaughter in the second degree, we may dispose of by citing the case of Cagle v. State, 211 Ala. 346, 100 So. 318, where it is said on authorities there cited:

"Drunkenness may reduce the degree of the homicide from murder to manslaughter, but it is no defense as to either degree of manslaughter."

The cases of Heninburg v. State, 151 Ala. 26, 43 So. 959, and Hill v. State, 9 Ala. App. 7, 64 So. 163, decided on authority of the Heninburg Case, are both expressly and correctly overruled in Cagle's Case, supra.

[5] Voluntary drunkenness is no excuse for crime which does not involve a specific intent or malice. So that it is not the act itself, but the condition of the mind which renders the defendant incapable of forming the specific intent or of harboring malice, which is affected by the mental condition brought on by voluntary drunkenness. In charging the jury generally, and in given charges 3, 10, and 11 on this phase of the testimony the trial judge was explicit, following the rule as laid down by the appellate courts, and on that subject gave to the defendant every instruction to which he was entitled. Laws v. State, 144 Ala. 118, 42 So. 40. This includes refused charges 12, 13, and 14.

[6] The verdict of the jury renders it unnecessary for us to pass upon refused charges 5 and 7.

[7] Refused charge 2 does not state the rule correctly. As is said above, it is not the act producing death that is affected by voluntary drunkenness. The law will not permit the defendant to say that because he was drunk he did not intend to shoot the gun at deceased, but the excuse or defense is limited to the specific intent to take life or an inability to entertain malice. King v. State, 90 Ala. 612, 8 So. 856. Moreover, if this charge relates to intent to take the life of deceased, it is covered in the oral charge.

Refused charges 12, 13, and 14 are covered in the court's oral charge.

Refused charges 15 and 17 are affirmative and under the evidence in this case are properly refused.

Refused charges 18 and 19 pretermit a consideration of the evidence.

[8] Refused charge 20 has a tendency to mislead, and therefore its refusal was not error.

The excerpts from the court's oral charge to which exception was taken, when considered along with the entire charge, are free from error.

There is no error in the record, and the judgment is affirmed.

Affirmed.