(110 So. 320)

## MANCIL v. STATE. (4 Div. 235.)

(Court of Appeals of Alabama. Nov. 16, 1926.)

1. Criminal law ⊚═878(3)—Verdict of guilty on charge of selling alcoholic liquor operated as acquittal of other offenses charged.

Where verdict in prosecution on several charges for violation of Prohibition Law found defendant guilty of offense of selling alcoholic liquor, such verdict operated as acquittal of other offenses charged.

2. Intoxicating liquors ⊚═238(5)—Evidence of sale of liquor held to make issue for jury.

In prosecution for violation of Prohibition Law, evidence of sale of intoxicating liquor *held* sufficient to warrant court's refusal of affirmative charge.

3. Criminal law ⊚═304(20)—Court will take judicial knowledge of alcoholic quality of rum.

Court will take judicial knowledge of fact that rum is an alcoholic liquor.

4. Witnesses ⊚═342—Ruling out evidence of what defendant's witness thought of character of state's witness held error.

In prosecution for violation of Prohibition Act, refusal of court to permit defendant's witness to testify as to what he thought of general character of state's witness for truth and veracity *held* error, such testimony being proper to impeach state's witness.

Appeal from Circuit Court, Pike County; W. L. Parks, Judge.

Frank Mancil was convicted of selling alcoholic liquor, and he appeals. Reversed and remanded.

Ballard & Brassell, of Troy, for appellant.

It is permissible for a witness to testify that he thinks he knows the character of another witness. White v. State, 114 Ala. 10, 22 So. 111; Collins v. State, 3 Ala. App. 64, 58 So. 80.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J. [1] The indictment against this appellant contained five counts, and each count charged the violation of the Prohibition Law. The counts each charged several alternative offenses. The verdict of the jury, however, found the defendant guilty of the specific charge of "selling alcoholic liquor," and this verdict operated as an acquittal of all of the offenses comprehended in the indictment except that for selling alcoholic liquor.

[2] There was some evidence which tended to show that within the time covered by the indictment the defendant sold one-half pint of "rum" to state witness Sam Dorsey, and that Dorsey paid him 75 cents for it. These facts were testified to by Dorsey only, and were strenuously denied by the defendant. This of course made a jury question; therefore the court properly refused the affirmative charge requested by defendant.

[3] That "rum" is an alcoholic liquor needs no discussion. Courts will take judicial knowledge of that fact. "Courts are not supposed to be ignorant of what everybody else is presumed to know, and what is thus known juries are permitted to find without any proof being adduced." 1 Mayfield Dig. p. 311.

[4] After state witness Dorsey had testified against the defendant, under the elementary

rules of evidence, the defendant had the right to undertake to impeach him, and to this end introduced his witness, J. H. Lunsford, for that purpose. He was asked by defendant's counsel (referring to state witness Sam Dorsey): "Well; do you know his general character now for truth and veracity?" The witness answered: "Well, yes; I think I know it now." The state objected "to what he thinks," and the court sustained the objection, and the witness was not permitted to testify. Exception was duly reserved, and must be sustained. White v State, 114 Ala. 10, 22 So. 111; Collins v. State, 3 Ala. App. 64, 58 So. 80; Murphy v. State, 14 Ala. App. 78, 85, 71 So. 967; 1 Mayfield Digest, 159. In Collins v. State, supra, it was said:

"It is competent to ask a witness if he *thinks* he knows the general character of a witness who has been previously examined, and there was no error in overruling the [objections to] questions propounded to the witness[es] Baker and Van Nichols because so framed."

Other questions presented appear to be without merit.

Reversed and remanded.