(119 So. 594)

## FULLER v. STATE. (5 Div. 730.)

Court of Appeals of Alabama. Jan. 15, 1929.

Walter S. Smith, of Birmingham, and W. H. Burton, of Lineville, for appellant.

Charlie C. McCall, Atty. Gen., and J. W. Brassell, Asst. Atty. Gen., for the State.

RICE, J. Appellant was convicted of the offense of possessing a still, etc., to be used for the purpose of manufacturing prohibited liquors.

The evidence on behalf of the state was clear, direct, and positive, all to the effect that appellant was guilty as charged. That on behalf of the defendant (appellant) was equally positive, to the effect that he was innocent of the charge. The issue was simple.

But it is too well settled to need the citation of authority that a defendant on trial for such an offense, and under such circumstances, has the right to introduce evidence of his good character previous to the time of the occurrence for which he is being tried.

In this case the appellant asked his witness McDonald, this question: "Do you know, or think you know his (Hilliard Fuller's) general character in the community in which he resides, before he was arrested charged with operating this still?" The state's objection was sustained, and exception duly reserved. In this ruling the trial court erred, to the prejudice of appellant. White v. State, 114 Ala. 10, 22 So. 111; Mancil v. State, 21 Ala. App. 588, 110 So. 320. And this is true even though appellant failed to inform the court of what he expected witness' answer to be, or that he expected to show, with the answer as a basis, that said general character was good. Gen. Acts Ala. 1927, p. 636.

No other questions seem worthy of consideration.

Reversed and remanded.