145 So. 814

## CARTER v. STATE.

### 4 Div. 664.

Supreme Court of Alabama.

Jan. 26, 1933.

Walters & Walters, of Troy, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Thos. Seay Lawson. Asst. Atty. Gen., for the State.

FOSTER, J.

Appellant was convicted of murder in the first degree. On the trial Barney Berry was a witness for the state and testified to the commission of the offense by appellant. Appellant undertook to impeach this witness by proving his bad character. Ab Watkins was such an impeaching witness. The substance of his testimony was that he knew, or thought he knew, the character of the aforesaid state's witness in the community where he was then living; but that his information did not extend prior to the commission of the crime to which Barney Berry had testified; that he had recently moved into the community, and witness, Watkins, had not heard

much about him until after the alleged crime; but that he knew or thought he knew the character of Barney Berry from what he had heard since then and that it was bad, and bad for truth and veracity, and that he would not believe him on oath. After such testimony was given, the court sustained the motion of the state to exclude it.

It is not objectionable because he stated that he "thinks" he knows the character of the witness. White v. State, 114 Ala. 10, 22 So. 111; Collins v. State, 3 Ala. App. 64, 65, 58 So. 80; Mancil v. State, 21 Ala. App. 588, 110 So. 320; Fuller v. State, 22 Ala. App. 652, 119 So. 594.

The time to which the character of the witness relates when its object is impeachment is at the time of the trial and prior thereto. Boyette v. State, 215 Ala. 472, 110 So. 812; 40 Cyc. 2597; 28 R. C. L. 632.

A different rule obtains with respect to the character of the defendant in a criminal case, when such character is properly in issue, and unless he has testified as a witness. If he has not so testified, the inquiry is limited to the time of the alleged crime. If he has testified, impeaching character evidence extends to the time of trial. Johnson v. State, 203 Ala. 30, 81 So. 820; Smith v. State, 197 Ala. 193, 72 So. 316; Charley v. State, 204 Ala. 687, 87 So. 177; Windom v. State, 18 Ala. App. 430, 93 So. 79.

■ The motion to exclude the evidence of this witness did not assign any ground. Since it was sustained the rule requires us to determine whether it was subject to any valid objection. Feore v. Trammel, 213 Ala. 293, 104 So. 808; L. & N. R. R. Co. v. Fleming, 194 Ala. 51, 69 So. 125.

We have treated the only two aspects of such evidence which seem to present any plausible ground of objection, and find that it was not subject to either of them. There was error in this ruling.

There are many other exceptions noted in the record. We do not think any useful purpose could be accomplished by discussing them. They are either such as are not likely again to occur or are palpably without merit.

All the justices concur in the foregoing discussion. But ANDERSON, C. J., and GARDNER, J., are of the opinion that the judgment should not be reversed for reasons which they will discuss.

THOMAS, BOULDIN, BROWN, and KNIGHT, JJ., concur with the writer that the judgment should be reversed on account of the error.

■■ In Holland v. Barnes, 53 Ala. 83, 25 Am. Rep. 595, this court had before it that exact question, and held that because five other witnesses testified as to such character it did not cure the error. While in Maxwell v. State, 129 Ala. 48, 29 So. 981, the court held there was a right to limit cumulative evidence of character for being dangerous, etc., in view of the fact that such character was not disputed.

We admit the soundness of the rule that, when an issue is not disputed and is proven by the uncontradicted testimony, the court may cut off a further accumulation of the same sort of evidence. We also think that the court may exercise a reasonable discretion in the limitation upon the number of character witnesses. 22 Corpus Juris 479.

But in this case the ruling of the court was not an exercise of such discretion. There had been only two character witnesses examined when his testimony was offered. It is apparent that it was excluded for other reasons than a limitation on the number of such witnesses, because the court afterwards permitted the examination of three other character witnesses. We do not think it is the province of a court to select a certain character witness and say that he cannot be examined and permit the examination of others. The court did not so rule apparently in this case, yet the opinion of the minority seems to justify such a course. It may be that such evidence of this witness was of peculiar value to defendant, and that the jury may not have accepted the evidence of the other witnesses. Allen v. State, 146 Ala. 61, 41 So. 624.

We do not think that the rule which permits the court to cut off further evidence of an undisputed fact has application. If the state had conceded the bad character of its witness, such rule would apply. But the state was relying on his evidence, had vouched for his truth and veracity, which was a most important question in the case. Because the state did not offer proof of his good character was not an admission to the contrary, nor did it make the question undisputed when the state was relying upon the evidence of this witness and vouching for him as worthy of belief by the fact of using him as a witness.

We do not think that rule 45 saves a reversal, and think that for the reasons indicated, the error did probably injuriously affect the substantial rights of appellant.

Reversed and remanded.

All the justices concur, except ANDERSON, C. J., and GARDNER, J., who dissent as indicated in their opinion.

ANDERSON, C. J. (dissenting).

As I understand, this case is reversed upon the sole ground that the trial court declined to admit the evidence of a certain witness as to the character of one of the state's witnesses. At least five other witnesses testified to the bad character of said witness, and the state had made no effort to contradict them or to show the good character of the witness

It has been held in numerous cases that the exclusion of evidence merely cumulative of a fact that has been established by other uncontradicted evidence is error without injury. Forst v. Leonard, 116 Ala. 82, 22 So. 481; Johnson v. Birmingham Ry., L. & P. Co., 149 Ala. 529, 43 So. 33; Powers v. Hatter, 152 Ala. 636, 44 So. 859, and many other cases cited in 2 Alabama and Southern Dig. Appeal and Error, ☞1057, page 456. And this rule has been applied in criminal as well as civil cases, and where the rejected evidence related to character. Maxwell v. State, 129 Ala. 48, 29 So. 981.

The case of Allen v. State, 146 Ala. 61, 41 So. 624, and perhaps others, seem to be in conflict with the foregoing, but these cases were decided before the adoption of rule 45, and if this is not a fit case for the application of this rule, I can conceive of none. I think the case should be affirmed, and dissent.

GARDNER, J., concurs in the foregoing.