## TATE v. STATE.
### 7 Div. 78.

Court of Appeals of Alabama.
Feb. 26, 1935.

**Rehearing Denied April 30, 1935.**

Haralson & Son and C. A. Wolfes, all of Fort Payne, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

RICE, Judge.

██ In the first place, the objection that the indictment was found by a grand jury from which two of its members—relatives of the deceased—had absented themselves upon the request of the solicitor, is not one that can be taken by plea in abatement. Code 1923, § 8630; Collins v. State, 3 Ala. App. 64, 58 So. 80. But if it were, there is alleged nothing to show that the indictment was not found in accordance with Code, § 8682; hence the demurrer to the said plea in abatement would have been sustained without error. Smith v. State, 142 Ala. 14, 39 So. 329.

█ Obviously, the motion to quash the indictment, on the ground set up, was properly overruled. Code, § 8630, supra.

█ Drunkenness is no defense as to either degree of manslaughter. Briley v. State, 21 Ala. App. 473, 109 So. 845; Cagle v. State, 211 Ala. 346, 100 So. 318.

██ Whether or not the wound inflicted upon deceased by appellant caused the death of deceased was a question properly submitted to the jury for decision. There was no error in allowing the witness Dr. Floyd, sufficiently shown to be qualified as a medical expert, to give his opinion as to this. See Howard v. State, 24 Ala. App. 512, 137 So. 532, certiorari denied 223 Ala. 529, 137 So. 535.

We have endeavored to fully perform our duty under Code 1923, § 3258, aided by the brief filed here on behalf of appellant; but we observe nothing calling for more comment than we have made, above.

Appellant appears to have had a fair trial in every way.

The judgment is affirmed.

Affirmed.