LONG, Presiding Judge.
The petitioner, Damon Lamar Jones, filed this petition for a writ of mandamus directing the Honorable Lawson Little, circuit judge for the Twentieth Judicial Circuit, to dismiss the indictment against him. Jones was indicted for theft of property in the first degree by the Houston County grand jury convened in February 1999. Before the grand jury voted on the cases presented to it, it was discovered that the foreperson was not a resident of Houston County. The Honorable Denny Holloway, circuit judge for the Twentieth Judicial Circuit and the trial judge presiding over the grand jury, appointed a new foreperson and reorganized the grand jury. This newly organized grand jury consisted of 13 persons. Jones was subsequently indicted. He filed a motion to dismiss the indictment, arguing that it was void because the grand jury foreperson was not a resident of Houston County and because the grand jury did not consist of 18 persons as required by law. Judge Little denied that motion; this petition followed.
Jones argues that the indictment should have been dismissed because § 12-16-74 requires that a grand jury consist of 18 individuals and § 12-16-150 requires that all grand jury members be residents of the county where the grand jury is empaneled. We have not required the respondent to answer the allegations in the petition because this petition is due to be denied.
Jones ignores § 15-15-40, which severely limits objections that may be raised to an indictment based on the formation of a grand jury. This statute reads as follows:
“(a) No objection to an indictment on any ground going to the formation of the grand jury which found the same can be taken to the indictment except by a plea in abatement to the indictment, and no objection can be taken to an indictment by a plea in abatement except upon the ground that the grand jurors who found *1212 the indictment were not drawn by the officer designated by law to draw the same; but neither this objection nor any other can be taken to the formation of a special grand jury summoned by the direction of this court.
“(b) No objection can be taken to an indictment, by plea in abatement or otherwise, on the ground that any member of the grand jury was not legally qualified, that the grand jury was not legally drawn or summoned or on any other ground going to the formation of the grand jury except that the jurors were not drawn in the presence of the officers designated by law; and neither this objection nor any other can be taken to the formation of a special grand jury summoned by the direction of the court.”
Both of the objections raised by Jones have been found not to fit within the grounds for challenging the formation of a grand jury recognized in § 15-15-40. In Troup v. State, 32 Ala.App. 309, 26 So.2d 611 (1946), cert. stricken, 248 Ala. 143, 26 So.2d 622 (1946), the Court of Appeals stated the following when ruling on whether an indictment was void because a member of the grand jury was a resident of Florida:
“The rule in a substantial majority of jurisdictions is that an unauthorized or incompetent person acting with the grand jury vitiates indictments returned by such body if attack thereon is timely made. In Alabama, however, the rule is otherwise due to the operation of Sections 278 and 285 of Title 15 Code of Alabama 1940 [now § 15-15-40, Code of Alabama 1975], and the construction placed thereon by our Supreme Court.”
26 So.2d at 615. The Alabama Supreme Court in Pace v. State, 714 So.2d 332 (Ala.1997), on remand, 714 So.2d 340 (Ala.Cr.App.), cert. denied, 523 U.S. 1051, 118 S.Ct. 1372, 140 L.Ed.2d 520 (1998), eharac-terized the role of the grand jury foreperson as “almost entirely ministerial in nature”; thus, if the person in Troup who was not a resident of the county had been the foreperson, the decision would have been the same.[1]
Furthermore, in Beck v. State, 365 So.2d 985 (Ala.Cr.App.), aff'd, 365 So.2d 1006 (Ala.1978), rev’d on other grounds, 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980), this Court stated the following when deciding whether an indictment was void because three members of the grand jury did not vote:
“In Hafley v. State, 8 Ala.App. 378, 62 So. 319 (1913), it was held that this statute [§ 12-16-74] does not require that the number (18) of the jury as organized must be maintained to constitute a legal grand jury. There it held that a lesser number would suffice so long as it was at least the minimum set by law.
[[Image here]]
“Section 89 of T. 30 provides that the ‘concurrence of at least 12 grand jurors is necessary to find an indictment.’ Section 12-16-204, Code of Alabama 1975.
“Section 93 of T. 30, [now § 12-16-207] mandates that should the number of grand jurors be reduced below thirteen because of the operation of § 92 of T.30 [now § 12-16-207(a) ], the court shall supply the deficiency. Section 92 requires withdrawal of a grand juror if that juror has some interest in the investigation due to his being charged with the offense under investigation; or if he has been the victim of an offense under investigation; of if he is a prosecutor; or is related by blood or marriage to the person charged. In the event that such a deficiency exists, the court must supply enough grand jurors to fill a box with thirteen or more.[2]
*1213 “Under the Constitution of the United States, no requirement exists that a grand jury shall be organized with the same number of jurors as at common law. Talton v. Mayes, 163 U.S. 376, 16 S.Ct. 986, 41 L.Ed. 196.
“In State v. Miller, 3 Ala. 343, the court held that it was essential to the validity of an indictment that twelve grand jurors concur in the finding of a true bill. This portion of the law has been codified in § 89, Code of Alabama 1940, Recompiled 1958, § 12-16-204, Code of Alabama 1975. See Smith v. State, 142 Ala. 14, 39 So. 329 (1904[1905]); Tate v. State, 26 Ala.App. 411, 161 So. 456 (1935).”
365 So.2d at 998. See also Shirley v. State, 144 Ala. 35, 40 So. 269 (1906).
The indictment was not void because the original grand jury foreperson was not a resident of Houston County. Neither was the indictment void because only 13 members sat on the grand jury. The indictment reflects that 12 members voted to indict Jones. That is all that is required by law. § 12-16-204.
For the foregoing reasons, Judge Little did not err in denying the motion to dismiss the indictment. This petition is due to be denied.
PETITION DENIED.
McMILLAN, COBB, and BASCHAB, JJ., concur.

. We note that the nonresident grand jury foreperson was removed before the grand jury voted to indict Jones.

. There is no allegation that this section applied to this case,