JOHNSTONE, Justice
(concurring specially).
I concur in the denial of James’s petition for a writ of certiorari. I write specially, however, to disagree with the rationale of the Court of Criminal Appeals in affirming the summary dismissal of James’s Rule 32, Ala. R.Crim. P., petition, which was filed after the expiration of the two-year time limit set by Rule 32.2(c), Ala. R.Crim. P.
In his Rule 32 petition James claimed that the indictment against him was “void due to the fact it fails to show and prove that (12) or [more] people voted to indict the petitioner.” The Court of Criminal Appeals, in an unpublished memorandum, *842 held that this claim was nonjurisdictional and was therefore time-barred by Rule 32.2(c). James v. State, 813 So.2d 928 (Ala.Crim.App.2001) (table). See also Duren v. State, 813 So.2d 928 (Ala.Crim.App.2000).
The correct rationale for affirming the summary dismissal of the Rule 32 petition would have been that the signature of the grand jury foreman signified the concurrence of 12 or more grand jurors and that James’s petition did not plead the actual fact of nonconcurrence of 12 or more. James’s Rule 32 petition merely challenged the face of the indictment for the absence of an express recitation that 12 or more grand jurors had concurred. Because no rule or other law requires such a recitation on an indictment, James’s Rule 32 petition failed to state a recognizable claim. Rule 32.3, Ala. R.Crim. P. Therefore, the trial court was correct in summarily dismissing the Rule 32 petition. Rule 32.7(d), Ala. R.Crim. P.
A validly pleaded claim that fewer than 12 grand jurors had found an indictment, however, would constitute a jurisdictional claim not subject to the two-year time-bar of Rule 32.2(c). See Gordon v. Nagle, 647 So.2d 91, 92 (Ala.1994) (“Claims alleging jurisdictional defects and excessive sentences under Rule 32.1(b) and (c) are not subject to the two-year time bar.”). That is, an indictment found by fewer than 12 grand jurors would be void and therefore ineffective to confer jurisdiction on a court to try, to convict, or to sentence a defendant.
Section 12-16-204, Ala.Code 1975, provides:
“The concurrence of at least 12 grand jurors is necessary to find an indictment, and when so found it must be endorsed ‘a true bill’ and the endorsement signed by the foreman.”
“ ‘In State v. Miller, 3 Ala. 343, the court held that it was essential to the validity of an indictment that twelve grand jurors concur in the finding of a true bill. This portion of the law has been codified in § 89, Code of Alabama 1949. Recompiled 1958, § 12-16-204, Code of Alabama 1975. See Smith v. State, 142 Ala. 14, 39 So. 329 (1904); Tate v. State, 26 Ala.App. 411, 161 So. 456 (1935).’ ”
Ex parte Jones, 753 So.2d 1211, 1213 (Ala.Crim.App.1999) (quoting Beck v. State, 365 So.2d 985 (Ala.Crim.App.), aff'd, 365 So.2d 1006 (Ala.1978), rev’d on other grounds, 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980)). As early as 1898, this Court held:
“In the administration of the criminal law the powers and duties of the grand jury are prescribed by statutes. It is that branch of the court, when organized under the statute, in which all criminal prosecutions by indictment must originate. It puts in motion the organized machinery for the trial of persons charged with crime by presenting in open court in the name of the State a complaint, which must be endorsed a true bill. By this means the court acquires jurisdiction of the particular case.”
Fields v. State, 121 Ala. 16, 17, 25 So. 726, 726 (1899) (emphasis added). See also Ross v. State, 529 So.2d 1074, 1078 (Ala.Crim.App.1988)(“[T]he jurisdiction of the court, in felony cases, rests upon the utilization of a grand jury indictment or information, [and thus] the requirement of such charging instrument is not waived by a guilty plea.”). The Court of Criminal Appeals is mistaken in this case and in its opinion in Duren v. State, supra, in holding that the absence of a concurrence of at *843 least 12 grand jurors is not a jurisdictional defect in an indictment.